**REGENCY PHOTO & VIDEO, INC., Plaintiff,**

v.

**AMERICA ONLINE, INC., Defendant.**

**No. Civ.A. 01–1943–A.**

United States District Court, E.D. Virginia, Alexandria, Virginia.

June 7, 2002.

---

Michael J. Chamowitz, Chamowitz & Chamowitz, Alexandria, VA, for Plaintiff.

Kathleen Joanna Lynch Holmes, Richards, McGettigan, Reilly & West, P.C., Alexandria, VA, for Defendant.

**1.** This opinion corrects typographic errors in the Conclusion of the memorandum opinion

## MEMORANDUM OPINION (CORRECTED) [1]

JONES, United States Magistrate Judge.

This matter is before the court on defendant's Motion for Partial Summary Judgment and Suggestion of Lack of Subject Matter Jurisdiction (docket no. 9), and plaintiff's Cross-motion for Leave to Serve and File an Amended Complaint and for Change of Venue (docket no. 15). Because there are no material facts in dispute, this matter is ripe for disposition.

### I. Factual Background

On December 1, 2000, the parties entered into a contract whereby defendant agreed to carry promotional materials on defendant's online Shopping Channel service in exchange for payment of $70,824. The contract provided an "Estimated Display Start Date" of January 15, 2001, but made no guarantees as to when the information would be available online. The contract, at paragraph 8, incorporated by reference the "Shopping Terms" which could be found online, or which could be requested in writing. The Shopping Terms included a forum selection clause, paragraph 16, that provided for the exclusive jurisdiction of the state and federal courts in Virginia, and stated that Virginia law shall govern the interpretation and construction of the contract. The Shopping Terms also included a liability limitation clause, paragraph 13, that limited both parties' liability. Defendant's liability was limited to the amount paid by plaintiff under the contract. Consequential and exemplary damages were specifically excluded.

filed on June 6, 2002.

Plaintiff alleges that defendant utterly failed to perform its obligations under the contract. Although plaintiff was verbally assured that it would be online by at least January 15, 2001, plaintiff's information was still not available on defendant's Internet service by March 12, 2001. Plaintiff had paid defendant half the contract price, $35,412, and so still owed defendant the same amount. On March 12, 2001, plaintiff demanded in writing return of its payment, but defendant refused to refund any portion.

Defendant alleges that plaintiff failed to perform its obligations under the contract, and hindered defendant's ability to perform, in that it failed to resolve technical barriers.

## II. Procedural History

Plaintiff originally filed its claim in the Supreme Court of the State of New York, County of New York, on March 21, 2001. The New York court, however, found that paragraph 8 of the contract clearly incorporated the Shopping Terms by reference. The court further found that paragraph 16 of the Shopping Terms, the forum selection clause, limited jurisdiction over any controversy arising under the contract to courts of the Commonwealth of Virginia or the federal courts in Virginia. Therefore, on August 21, 2001, the New York court held that New York was not the proper forum for the action, and dismissed the case. Additionally, the New York court found that the contract was not in relation to a necessity of life, and therefore, could not be considered an adhesion contract.

Plaintiff then brought the instant action, filed on December 21, 2001. In its complaint, plaintiff alleged breach of contract and seeks actual damages of $35,412, plus consequential damages in the amount of $150,000. In its answer, defendant asserted a compulsory counterclaim for $35,412, the amount unpaid by plaintiff.

On April 3, 2002, the parties consented to a magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c).

On April 16, 2002, defendant filed a motion for partial summary judgment seeking to exclude plaintiff's claim for consequential damages. Paragraph 13 of the Shopping Terms specifically excluded either party's liability for consequential damages, and limited defendant's liability to no more than the amount paid under the contract.

Defendant has moved for partial summary judgment and suggested the lack of subject matter jurisdiction. Plaintiff has moved for leave to file an amended complaint, and for change of venue. For the reasons set out below, the court will deny plaintiff's motion, grant partial summary judgment for defendant, and dismiss the case.

## III. Analysis

A. *Plaintiff's Motion*

Under the forum selection clause, paragraph 16 of the Shopping Terms, "this agreement shall be interpreted, construed and enforced in all respects in accordance with the laws of the Commonwealth of Virginia." Therefore, Virginia law applies in this case.

■ Plaintiff, in response to defendant's summary judgment motion, seeks leave to amend its complaint to add an allegation of fraud and "to set forth with particularity that its claims are for restitution, punitive damages and compensatory damages." Leave to amend will be freely given unless it would cause undue delay, is offered in bad faith or with dilatory motive, would cause undue prejudice, or would be futile. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Notwithstanding the generosity of this rule, courts have consistently denied leave to amend when amendment would be fu-

tile. *Clay v. Yates*, 809 F.Supp. 417, 426 (E.D.Va.1992); *Gambelli v. U.S.*, 904 F.Supp. 494 (E.D.Va.1995). In this case, amendment of the complaint would be futile for two reasons.

■ First, plaintiff's decision to enter into a contract without reviewing its terms cannot give rise to a claim that defendant committed fraud. *General Insurance of Roanoke, Inc. v. Page*, 250 Va. 409, 412, 464 S.E.2d 343, 344 (1995) (holding that party signing life insurance application without reading it is chargeable with notice of its contents and is bound thereby). Therefore, under the facts as alleged in the amended complaint, plaintiff fails to state a claim for fraud.

■ Second, if defendant breached any duty to plaintiff, that duty existed solely by reason of the parties' contract, and thus did not constitute fraud. Under both New York law [2] and Virginia law, "an attempt to convert a contract claim into a tort by the additional naked assertion that the breaching party never intended to perform is doomed to fail." *Greenberg v. Chrust*, 198 F.Supp.2d 578 (S.D.N.Y.2002) *quoting Drexel Burnham Lambert, Inc. v. Saxony Heights Realty*, 777 F.Supp. 228, 235 (S.D.N.Y.1991); *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 560, 507 S.E.2d 344, 348 (1998) (safeguarding "against turning every breach of contract into an actionable claim for fraud"). In this case, plaintiff has not alleged any additional duty to support a claim of fraud.

Accordingly, the motion for leave to file an amended complaint is denied.

■ Having filed this action in the Eastern District of Virginia, plaintiff is now in the unusual position of seeking a change of venue to the Southern District of New York. A change of venue is not appropriate in this case for three reasons. First, the contract incorporated a valid forum selection clause. Where two parties, pursuant to arm's length negotiations by experienced and sophisticated businessmen, have agreed to bring any disputes in a particular forum, and where there is no compelling and countervailing reason making enforcement unreasonable, the forum selection clause is *prima facie* valid and is to be honored by the parties and enforced by the courts. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In considering whether to transfer venue, the forum selection clause is not binding upon the court, but "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the" decision. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). "Inconvenience alone is not sufficient grounds to avoid the application of a forum selection clause." *BHP Int'l Inv., Inc. v. OnLine Exch., Inc.*, 105 F.Supp.2d 493 (E.D.Va. 2000). The party seeking to avoid the clause must show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived his day in court." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Bryant Elec. Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192, 1195 (4th Cir.1985) (applying the *Bremen* rule in a domestic commercial case). In this case, the forum selection clause dictated that any disputes under the contract be brought in federal or state court in Virgi-

**2.** Although under the forum selection clause and under Virginia's rule of *lex loci contractus* Virginia law applies to contract claims in this case, Virginia's rule of *lex loci delicti* would apply to any tort claims in this case, and would lead to the choice of New York law. However, in this instance, New York and Virginia law are in accord.

nia. This significant factor cannot be discounted.

■ Plaintiff has not shown that it would be prejudiced by enforcement of the forum selection clause. Plaintiff asks the court to disregard the forum selection clause because it asserts that it was unaware of the clause when it entered the contract. A party signing a contract, though, is bound by its terms, whether or not the party read the contract. *General Insurance of Roanoke, Inc. v. Page*, 250 Va. 409, 412, 464 S.E.2d 343, 344 (1995). Additionally, plaintiff argues that the forum selection clause is invalid due to the relative bargaining power of the parties. This court has suggested that a forum selection clause might be invalid if the bargaining power of the parties were unequal. *Bryant Elec. Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192, 1197 (1985). In the instant case, as in *Bryant*, although defendant presented plaintiff with a form contract, and even though there was little negotiation regarding its terms, there is no evidence that plaintiff "is an unsophisticated entity lacking sufficient commercial expertise to be able to decide whether to enter into a given contract." *Id.* at 1197. In fact, plaintiff states that it had entered into at least five other agreements, comparable to the contract at issue, at about the same time. (*See* docket no. 16, Shema Aff., ¶ 8.) The relative bargaining power of the parties, therefore, was not unequal, and the forum selection clause is valid and enforceable.

Second, transfer to a federal court in New York would be futile since, as discussed below, such a court would not have jurisdiction over a case in which the amount in controversy fails to meet the jurisdictional minimum.

Third, putting aside the forum selection clause and the jurisdictional question, the facts and circumstances of this case do not warrant transfer. In a motion to transfer, the court is called upon to rule in its discretion after considering the convenience of the parties, the witnesses, and the interests of justice. 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). A plaintiff seeking to transfer must overcome a heavy burden to establish not only that the proposed forum is more convenient, but also that the forum should be other than the one that plaintiff itself selected. *Van Dusen* at 646, 84 S.Ct. 805; Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION 2D § 3848 at 393.

Plaintiff argues that venue should be transferred to New York because defendant's New York representative, working out of defendant's New York office, was in New York when he solicited the business of plaintiff, a New York corporation. Defendant's headquarters, though, and many witnesses and documents are located in Virginia. After considering the convenience of the parties, the witnesses, and the interests of justice, the court finds that in this case, there is no basis for transfer pursuant to section 1404. The motion to transfer venue is therefore denied.

*B. Defendant's Motion*

■ In Virginia, waivers and limitations of liability in contracts are enforceable. *See, e.g., Blue Cross of Southwestern Virginia and Blue Shield of Southwestern Virginia v. McDevitt & Street Co.*, 234 Va. 191, 360 S.E.2d 825 (1987). The burden lies on the party attempting to prove that a contract term is invalid, and not on the party asserting that a contract term is valid. *Merriman v. Cover, Drayton & Leonard*, 104 Va. 428, 51 S.E. 817 (1905). Plaintiff has made no showing that the liability limitations clause is ambiguous, unconscionable,

or otherwise unenforceable. It therefore will be enforced. Defendant is entitled to partial summary judgment on this issue.

Likewise, plaintiff's claim for punitive damages is barred. In Virginia, punitive damages are not recoverable for breach of contract absent an independent tort. *Kamlar Corp. v. Haley,* 224 Va. 699, 705, 299 S.E.2d 514, 517 (1983). Although plaintiff cites this case as authority for the proposition that punitive damages may be awarded in contract, the *Kamlar* court clearly stated, "The general rule is that exemplary or punitive damages (with certain exceptions not here pertinent) are not allowed for breach of contract even though the action is *ex delicto* and not in assumpsit. [Citations omitted.] As a general rule, damages for breach of contracts are limited to the pecuniary loss sustained." *Id.* at 705, 299 S.E.2d 514, 517. Plaintiff has not alleged the commission of any independent tort, and therefore, may not seek punitive damages for breach of contract. Defendant is entitled to partial summary judgment on this issue.

C. *Lack of Subject Matter Jurisdiction*

Because plaintiff's claims for consequential and punitive damages are barred, and plaintiff may seek only actual damages incurred under the contract, plaintiff's claim is limited to $35,412. Defendant argues plaintiff's claim accordingly fails to meet the statutory minimum for this court's subject matter jurisdiction in a diversity case. This court has original jurisdiction in civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). When it appears to a legal certainty that the recoverable damages are less than the jurisdictional amount, the court has the power and the duty to dismiss the case. *Saint Paul*

*Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In this case, plaintiff cannot possibly recover more than the $35,412 paid under the contract. Accordingly, the court on its own motion finds that the court lacks subject matter jurisdiction over this controversy. Both the complaint and the counterclaim will therefore be dismissed. This disposition is without prejudice to either party's ability to pursue its claim in a forum that is consistent with the terms of the parties' contract and has subject matter jurisdiction.

## Conclusion

For the foregoing reasons, defendant's Motion for Partial Summary Judgment is granted. Further, plaintiff's Motion for Leave to Serve and File an Amended Complaint and for Change of Venue is denied. Because plaintiff is limited to seeking recovery of no more than the amounts paid under the contract, the claim fails to meet the minimum required for diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, this court does not have subject matter jurisdiction over this controversy, and the court will dismiss the complaint and the counterclaim.

An order to that effect is entered contemporaneously with this opinion.