**In re NINE MILE LIMITED, d/b/a Serco Administrators and American Warranty Corporation, Petitioner.**

No. 82–1236.

United States Court of Appeals,
Eighth Circuit.

March 23, 1982.

Timothy S. White and J. Richard Johnson, White & Warbasse, Cedar Rapids, Iowa and Kevin P. Tighe, Daniel J. Piliero, II, and Myrrel C. Hendricks, Jr., Washington, D. C., for petitioner.

Richard C. Garberson, Cedar Rapids, Iowa, and William F. Halligan, Columbia, S. C., for Philip Carnes.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

On February 18, 1982, the petitioner[1] filed a petition for a writ of mandamus in this Court which requested that we order the United States District Court for the Northern District of Iowa to "temporarily stay its order" which granted a motion to change the venue of the underlying diversity lawsuit[2] from the Northern District of Iowa to the District of South Carolina. The

---

**1.** Nine Mile Limited, d/b/a Serco Administrators and American Warranty Corporation.

**2.** *Nine Mile Limited v. Carnes*, No. C 81–130 (N.D.Ia.). *See also* n.3, *infra*.

petitioner also requested this Court to order the United States District Court Clerk for the Northern District of Iowa to "request [the clerk for the District of South Carolina] that the physical custody of the original papers and filings" in the underlying lawsuit be returned to the Northern District of Iowa so that review could be had in that district court or in the Eighth Circuit. For the reasons discussed below, we grant the petition and order the district court to request the clerk for the District of South Carolina to return the original file and documents in this case to the clerk for the Northern District of Iowa. Upon return of the file and documents to the Northern District of Iowa, we direct the district court to promptly entertain and rule upon petitioner's motion to reconsider his transfer order. Following a ruling on petitioner's motion to reconsider, review may then, if so desired, be pursued in this Court.

The petitioner filed a diversity action [3] against defendant Philip Earl Carnes in the Northern District of Iowa. Defendant Carnes filed a motion for a change of venue on November 23, 1981, which was resisted by the petitioner. On February 2, 1982, the district court, pursuant to 28 U.S.C. § 1404(a), granted Carnes' motion for change of venue and ordered the case transferred to the District of South Carolina, Columbia Division. *Nine Mile Limited v. Carnes*, No. C 81–130 (N.D.Ia. Feb. 2, 1982) (order).

On the same day the transfer order was entered, February 2, 1982, the clerk of the United States District Court for the Northern District of Iowa transferred the case's records to the District of South Carolina, Columbia Division.[4]

On February 5, 1982, the petitioner filed an application to stay the transfer order and request for extension of time to file motion to reconsider. On February 18,

1982, the district court denied the motion, holding that the federal district court in the Northern District of Iowa lost all jurisdiction when the clerk for the District of South Carolina received the file of the underlying action. *Nine Mile Limited v. Carnes, supra.* See also n.4.

The petitioner correctly argues that in order to permit adequate and orderly review of one federal district court's decision to transfer a case to another federal district court, physical transfer of the file should be delayed for a period of time after entry of the transfer order so that review may be sought in the transferor circuit. *See Starnes v. McGuire*, 512 F.2d 918, 924, 935 (D.C.Cir.1974) (en banc). Indeed, this Court previously observed that "the better procedure" is to "hold up the transfer for a reasonable time pending possible petition for reconsideration or review." *Technitrol, Inc. v. McManus*, 405 F.2d 84, 86 (8th Cir. 1968), *cert. denied*, 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969). *See also* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3846 p. 229 (1976) (because appellate review, if available, "is more appropriate in the circuit in which the transferor court sits than in the circuit to which the case is transferred, the better practice, often codified in local rules, is routinely to stay grants of transfer for a sufficient period for appellate review to be sought").

■ The reason that physical transfer of a case file from the transferor court to the transferee court should be delayed for a reasonable time is that "physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer." *Starnes v. McGuire, supra*, 512 F.2d at 924. *Accord*, 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3846 pp. 228–229 (1976).

---

**3.** The petitioner's three-count complaint made various allegations charging breach of contract, tortious interference with business opportunities and misrepresentation.

**4.** The district court stated in its February 18, 1982, order denying petitioner's application to

stay transfer and request for extension of time to file motion to reconsider that the case file was *received* by the clerk of the District of South Carolina on February 4, 1982. *Nine Mile Limited v. Carnes*, No. C 81–130 (N.D.Ia. Feb. 18, 1982) (order).

In this case, the clerk for the Northern District of Iowa transferred the case file to the District of South Carolina on the same day that the district court ordered the case transferred there. The case file was received by the District of South Carolina clerk on February 4, 1982—two days after the transfer order was filed in the Northern District of Iowa. Under the principles set forth above, we have no alternative but to grant the petition for a writ of mandamus.

■ Because the case file has been physically transferred to the clerk for the District of South Carolina, we lack jurisdiction to order the transfer. Nevertheless, and pursuant to our inherent authority over the district judges in this Circuit, we order the district court to request the clerk for the District of South Carolina to return the files in *Nine Mile Limited v. Carnes, supra,* to the Northern District of Iowa.[5] When the files are returned to the Northern District of Iowa, the district court is to promptly consider and rule upon petitioner's motion for reconsideration of his transfer order. After the ruling on petitioner's motion, review may be pursued in this Court. Finally, we direct that future transfer orders be effectuated in accordance with the teachings of *Starnes* and *Technitrol.*

The petition for a writ of mandamus is granted and the cause is remanded to the district court for proceedings consistent with this opinion.

So ordered.

---

5. Although this Court and the district court lack power to *compel* the District of South Carolina to return the case files to the Northern District of Iowa, we direct the district court and the clerk for the Northern District of Iowa to take every reasonable action possible in asking the District of South Carolina to return the files. Of course, we cannot predict whether the files will be returned; but in the event the District of South Carolina declines the requests by the district court and the clerk for the Northern District of Iowa, the petitioner has another avenue available: it may initiate a new proceeding seeking retransfer in the transferee court—here, the District of South Carolina—which may be reviewed in the transferee circuit. *E.g., Starnes v. McGuire,* 512 F.2d 918, 925 (D.C.Cir.1974) (en banc); 15 Wright, Miller & Cooper, *supra,* § 3846 pp. 230–231.