**In re Ramon Rodriguez SOSA, Petitioner.**

No. 83–1630.

United States Court of Appeals, District of Columbia Circuit.

Submitted June 9, 1983.

Decided July 26, 1983.

---

**1480**

Ramon Rodriguez Sosa was on the petition for writ of mandamus, pro se.

Before MIKVA and EDWARDS, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Ramon Rodriguez Sosa petitions this court for a writ of mandamus to compel vacation of the district court's order transferring the underlying case to the United States District Court for the Western District of Oklahoma. Sosa, who apparently is imprisoned in El Reno, Oklahoma, filed suit in the United States District Court for the District of Columbia against Attorney General Smith, seeking credit for time allegedly spent in custody prior to imposition of his sentence. On March 11, 1983, the district court issued an order directing Sosa to show cause why his complaint should not be transferred to the Oklahoma court and, one week later after considering Sosa's response, ordered the case transferred. On April 25, by court order, the record in this case was physically transferred to the Oklahoma court. Six weeks later, Sosa filed the instant petition for mandamus relief.

Upon consideration of Sosa's motion for a writ of mandamus, we dismiss the motion for lack of jurisdiction. Although we have held that, in extraordinary circumstances,

transfer orders are reviewable under the All Writs Act, 28 U.S.C. § 1651(a) (1976), see In re Scott, 709 F.2d 717 (D.C.Cir.1983), the physical transfer of the original papers in this case to the United States District Court for the Western District of Oklahoma, a permissible transferee forum under 28 U.S.C. § 1404(a) (1976), deprives this court of jurisdiction to review the transfer, Starnes v. McGuire, 512 F.2d 918, 924 (D.C. Cir.1974) (en banc). A new proceeding seeking retransfer in the United States District Court for the Western District of Oklahoma, which may be reviewed by the United States Court of Appeals for the Tenth Circuit, is "the appropriate course of action." Id.[1]

---

1. Short of dismissal, the only option available to us at this time is an informal request that the Oklahoma court retransfer the record to permit consideration of Sosa's petition. See, e.g., Fine v. McGuire, 433 F.2d 499, 500 n. 1 (D.C.Cir. 1970). We do not believe that the merits of Sosa's petition warrant such extraordinary action.