**LAFAYETTE COAL
COMPANY, Plaintiff,**

v.

**GILMAN PAPER COMPANY,
Defendant.**

No. 85 C 9688.

United States District Court,
N.D. Illinois, E.D.

Feb. 14, 1986.
Reconsidered April 25, 1986.

George W. Hamman, Dawn M. Cassie, Hamman & Benn, Chicago, Ill., for plaintiff.

William G. Schopf, Jr., Andrew Butz, William J. Lazarus, Reuben and Proctor, Chicago, Ill., for defendant.

Memorandum

LEIGHTON, Senior District Judge.

Plaintiff, an Illinois corporation, and defendant, a New Hampshire corporation, entered into a coal supply agreement (hereinafter referred to as the "Agreement") pursuant to which coal was to be delivered to defendant's Georgia plant. Section 11 of the Agreement provides that "any dispute arising under or relating to any provision of this contract or its interpretation which cannot be resolved by mutual agreement shall be settled by arbitration...." Plaintiff filed a petition to compel arbitration pursuant to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 1–14. It is undisputed that the Agreement is a transaction affecting commerce, thus the FAA is applicable, 9 U.S.C. § 2; and that the court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The cause is now before the court on defendant's motion to transfer, dismiss, or stay.

Section 4 of the FAA provides that any hearing or proceeding under an agreement to arbitrate shall be held within the district in which the petition to compel arbitration is filed; in this case, the Northern District of Illinois. However, to the extent that parties to a freely negotiated agreement select a forum other than the district in which a petition is filed, that agreement will be given effect. *Snyder v. Smith*, 736 F.2d 409, 419 (7th Cir.1984).

Section 12 of the parties' Agreement provides that questions of construction, interpretation and performance shall be determined in accordance with the laws of the State of Georgia. Pursuant to Georgia law, the site of arbitration is to be selected by the arbitration panel, discovery is to be

conducted under procedures that parallel Georgia court rules, and substantive provisions of the Agreement are to be decided by Georgia law. It is, therefore, apparent that the parties, while not specifically stating so, contemplated arbitration in Georgia.

 Accordingly, the court, in its discretion and in the interest of justice, grants defendant's motion to transfer this action to the United States District Court for the Southern District of Georgia. 28 U.S.C. § 1404(a).

### On the Motion for Reconsideration

On February 21, 1986, pursuant to 28 U.S.C. § 1404(a), this court granted Defendant's motion to transfer. Plaintiff now moves for reconsideration of the transfer order. Because the court concludes that it does not have jurisdiction to reconsider, plaintiff's motion is denied.

In *Robbins v. Pocket Beverage Co., Inc.*, 779 F.2d 351 (7th Cir.1985), the court of appeals for this circuit considered whether the entry of an order by a district court transferring a civil action pursuant to § 1404(a) irrevocably and instantly strips the transferring court of jurisdiction; including the right to reconsider and vacate its transfer order. The court concluded that it did not; that is, the district court retained jurisdiction in certain circumstances. *Id.* at 356.

However, the court cited with approval the line of cases holding that once the physical transfer of the record to the transferee forum has occurred, the transferor court loses jurisdiction to review its decision. *Id.* at 355 (*citing, In Re Sosa*, 712 F.2d 1479, 1480 (D.C.Cir.1983); *In Re Nine Mile Limited*, 673 F.2d 242, 243 (8th Cir. 1982); *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C.Cir.1974)). While the court did not hold that forwarding of the record was the "universally controlling fact," it did conclude that physical transfer of the record was an important factor in determining whether the district court retained its jurisdiction.

 In this case, the complete file of the record was sent to the clerk of the court for the Southern District of Georgia on March 3, 1986; a letter acknowledging receipt of the record was received by the clerk of this court on March 13, 1986. Based on the reasoning of *Robbins,* this court concludes that because it has been more than a month since the record in this cause was transferred to the Southern District of Georgia, this court no longer has jurisdiction to reconsider its transfer order. *See also, In Re Sosa,* 712 F.2d at 1480; *In Re Nine Mile Limited,* 673 F.2d at 243; *Starnes,* 512 F.2d at 924. Accordingly, plaintiff's motion requesting reconsideration is denied.

So ordered.