## NBS IMAGING SYSTEMS, INC., an Indiana corporation, Petitioner,

v.

## UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF CALIFORNIA, Respondent,

and

## Polaroid Corporation, et al., Real Parties in Interest.

No. 87–7286.

United States Court of Appeals, Ninth Circuit.

March 4, 1988.

Before TANG, FLETCHER and FARRIS, Circuit Judges.

### ORDER

NBS Imaging, Inc., an Indiana corporation with its principal place of business in Fort Wayne, seeks a writ of mandamus compelling the United States District Court for the Eastern District of California to vacate its order transferring the underlying action to the District Court for the Northern District of Indiana in Fort Wayne. NBS Imaging's amended complaint named 12 defendants and alleged claims for relief under RICO, federal antitrust laws, and various state law theories. Seven of the defendants moved to transfer the case to the Indiana court pursuant to 28 U.S.C. § 1404(a).[1] The other five defendants did not oppose the motion. The district court granted the motion and the case was transferred and docketed in the Northern District of Indiana on July 6, 1987. NBS Imaging filed the instant petition on July 9, 1987. A prior motions panel questioned jurisdiction based on these facts in light of *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir.1987) and ordered briefing on the issue. We conclude that this court has

---

1. 28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

jurisdiction to issue the writ despite docketing of the case in the Northern District of Indiana, but deny the petition.

In *Lou v. Belzberg*, we adopted the rule that the docketing of a case in an out-of-circuit transferee court effectively completes a section 1404(a) transfer so as to deprive this court of appellate jurisdiction. *Lou*, 834 F.2d at 733. In that case we exercised appellate jurisdiction under 28 U.S.C. § 1292(a) because Lou had filed her notice of appeal before the case was docketed in the transferee district. *Id.* However, *Lou* did not address our jurisdiction to consider such transfer orders by way of mandamus.

We have long held that in extraordinary circumstances involving a grave miscarriage of justice, we have power via mandamus to review an order transferring a case to a district court in another circuit. *See Gulf Research & Development Co. v. Harrison*, 185 F.2d 457 (9th Cir.1950). *See also Varsic v. United States District Court*, 607 F.2d 245 (9th Cir.1979). Additionally where the case is docketed in the transferee court, this court has previously ordered a district court in this circuit to request the transferee court to return the case. *See Town of North Bonneville, Washington v. United States District Court*, 732 F.2d 747, 752 (9th Cir.1984). Cases from other circuits relied upon by this court in *Lou v. Belzberg* support this position. *See In re Sosa*, 712 F.2d 1479, 1480 n. 1 (D.C.Cir.1983); *In re Nine Mile Ltd.*, 673 F.2d 242, 243 (8th Cir.1982); *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C.Cir.1974) (en banc).[2]

Having concluded that we have jurisdiction, we decline to issue the writ. One factor courts consider when mandamus is sought in this situation is whether the district court acted hastily in transferring the case, thus precluding a diligent petitioner from seeking mandamus in the appellate court. *See In re Nine Mile Ltd.*, 673 F.2d at 243; *Starnes*, 512 F.2d at 923–24 and n. 5; *Fine v. McGuire*, 433 F.2d 499, 500 (D.C.Cir.1970); *A.C. Nielsen*, 270 F.2d 693, 695 (7th Cir.1959). Here, the district court ordered the transfer on March 18, 1987, but did not transfer the case pending disposition of NBS Imaging's motion to reconsider.[3] The district judge denied the motion to reconsider orally at a hearing on May 22, 1987, and by written order on June 1, 1987. The district court did not send the case file to the Northern District of Indiana until June 26, 1987. NBS Imaging had 35 days from the district court's oral pronouncement, and 26 days from its written order, to seek a writ of mandamus in this court before the district court physically transferred the file. NBS Imaging nonetheless waited until July 9, 1987, after the case had been docketed in the Northern District of Indiana, before filing the petition in this court. On these facts, we are reluctant to grant an extraordinary writ ordering the district court to request the Northern District of Indiana to return the case. Nor does the record reveal that the district court's order was clearly erroneous as a matter of law to justify issuing the writ. *See North Bonneville, Washington*, 732 F.2d at 750–522; *Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir.1977); *see also, In re Sosa*, 718 F.2d at 1480 n. 1.

The petition for a writ of mandamus is denied.

**2.** The Second Circuit's position on jurisdiction to review by way of mandamus is unclear. *Drabik v. Murphy*, 246 F.2d 408 (2d Cir.1957), cited by this court in *Lou*, supports the position that the circuit court of the transferor district loses jurisdiction at least to the extent that the challenge to the transfer is based on an abuse of discretion by the district judge in weighing the convenience of parties and witnesses, and the interest of justice. The Second Circuit has distinguished *Drabik* on this basis, questioned its correctness, and determined that physical transfer does not deprive the circuit court of jurisdiction to review the transfer by way of mandamus where the challenge is based on a transfer to a forum lacking personal jurisdiction or venue. *See Farrell v. Wyatt*, 408 F.2d 662, 664–65 (2d Cir.1969).

**3.** We note that this motion to reconsider added nothing to NBS Imaging's original opposition to the transfer motion except the possibility that NBS Imaging might have to retain local counsel in Indiana, in lieu of or to assist its retained California attorney.