SOUTHERN DISTRIBUTING
COMPANY, INC., Plaintiff,

v.

E. & J. GALLO WINERY, Defendant.

No. C–C–88–243–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 3, 1989.

T. LaFontine Odom, Joyce C. Wheeler, Weinstein & Sturges, P.A., Charlotte, N.C., for plaintiff.

G. Kip Edwards, Orrick, Herrington, & Sutcliffe, San Francisco, Cal., E. Osborne Ayscue, Jr., Smith Helms Mulliss & Moore, Charlotte, N.C., for defendant.

McMILLAN, District Judge.

On December 1, 1988, by letter addressed to the court, plaintiff moved that the court reconsider an order filed November 21, 1988 (Docket No. 39). The order denied plaintiff's motion to amend, filed October 27, 1988 (Docket No. 36). For the reasons set forth below, the court has reconsidered and hereby requests that the United States District Court for the Eastern District of California retransfer this case so that the Fourth Circuit Court of Appeals may hear plaintiff's appeal of the order transferring this case, filed October 3, 1988.

## HISTORY OF PROCEEDINGS

Plaintiff Southern Distributing Co., Inc. ("Southern") filed this suit on May 19, 1988 (Docket No. 1). On June 30, 1988, defendant E. & J. Gallo Winery ("Gallo") moved pursuant to Fed.R.Civ.P. 12(b)(3) that the court dismiss this action because venue was improper or, in the alternative, transfer this action pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of California (Docket No. 17). In support of its motion, defendant pointed out that the parties, in their 1976 written distributorship contract, agreed to litigate any disputes between them in California.

After initial briefing of defendant's motions by the parties, the court filed a memorandum to counsel on August 17, 1988 (Docket No. 28). In the memorandum, the court tentatively concluded the forum selection clause in the distributorship agreement was enforceable; however, the court stated it might be "unjust and unreasonable" to enforce the clause if two of plaintiff's witnesses were in fact "critical" to plaintiff's case and unable to travel to California. The court invited plaintiff to supplement its factual showing on those two questions. Plaintiff supplemented its showing by filing five affidavits (Docket Nos. 29–33).

The motion was heard on September 8, 1988. On October 3, 1988, the court filed an order which found that the forum selection clause in the 1976 distributorship agreement was valid and enforceable. The court also found that enforcement of the clause would not be so inconvenient so as to deprive plaintiff of its day in court. The court ordered that the action be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of California.

The Clerk of Court transferred the original record to the Eastern District of California on the same day the order was filed, October 3, 1988. On October 27, 1988, plaintiff moved pursuant to Fed.R.Civ.P. 60(a) that the court amend the October 3, 1988, order to direct the Clerk to make an informal request that the original record in this case be retransferred or, in the alternative, to certify the October 3, 1988, order in accordance with 28 U.S.C. § 1292(b). On October 28, 1988, plaintiff filed a notice of appeal in this court. After considering the response to plaintiff's motion to amend filed by the defendant, the court denied plaintiff's motion in an order filed November 21, 1988. On December 1, 1988, by

letter addressed to the court, plaintiff moved that the court reconsider its November 21, 1988, order.

## PLAINTIFF'S MOTION TO RECONSIDER

In its December 1, 1988, letter, plaintiff argues that the actions of this court have effectively denied it the right of appeal. Specifically, plaintiff asserts that "[t]he Western District's administrative policy of immediately transferring a record before a party has time to appeal and your denial of our motion seeking your assistance in retrieving that record are not fair." Therefore, plaintiff moved that the court reconsider its November 21, 1988, order.

Before discussing the merits of plaintiff's motion, the court must clear up one misconception held by plaintiff. There is no policy in this court of transferring a record before the adversely affected party has time to appeal. In carrying out the orders of the court, there is but one simple policy in the Clerk's office: orders are to be docketed as soon as possible after they are received. Thanks to the fine staff in the Clerk's office, this means that many orders are docketed the same day they are signed by the court. Orders transferring a case are treated no differently than any other order; they are neither expedited nor held. Perhaps in the future, the Clerk should hold transfer orders for a short period of time, i.e., ten days, to allow for the possibility of appeal.

Plaintiff is correct in asserting that the physical transfer of the original papers in this case to the United States District Court for the Eastern District of California, a permissible transferee forum, deprives the Fourth Circuit Court of Appeals of jurisdiction to review the October 3, 1988, order requiring transfer. *E.g., In re Sosa*, 712 F.2d 1479, 1480 (D.C.Cir.1983); *Starnes v. McGuire*, 512 F.2d 918, 924

(D.C.Cir.1974) (en banc). *Accord Gower v. Lehman*, 799 F.2d 925, 927 (4th Cir.1986). Similarly, the Ninth Circuit Court of Appeals does not have jurisdiction to review the October 3, 1988, transfer order. 28 U.S.C. § 1294 (1982); *Linnell v. Sloan*, 636 F.2d 65, 67 (4th Cir.1980); *Starnes*, 512 F.2d at 924. Therefore, the appropriate course of action to secure appellate review, if any is available, of the propriety of transfer is a new proceeding seeking retransfer in the United States District Court for the Eastern District of California, which may be reviewed by the Ninth Circuit Court of Appeals. *Sosa*, 712 F.2d at 1480; *Starnes*, 512 F.2d at 924.

The only option available to preserve plaintiff's appeal to the Fourth Circuit is an "informal" request that the California court retransfer the record to permit consideration of the appeal.[1] *Sosa*, 712 F.2d at 1480 n. 1; *Starnes*, 512 F.2d at 924; *Fine v. McGuire*, 433 F.2d 499, 500 n. 1 (D.C.Cir.1970); *Preston Corp. v. Raese*, 335 F.2d 827, 828 (4th Cir.1964). An informal request to retransfer the original record is "extraordinary" and is employed only "occasionally." *Sosa*, 712 F.2d at 1480 n. 1; *Starnes*, 512 F.2d at 924. In determining whether to make such a request, the court must examine the merits of the appeal. *See Sosa*, 712 F.2d at 1480 n. 1. Whether plaintiff's appeal is meritorious depends on whether the transfer order is appealable and, if so, whether this court abused its discretion in transferring this action. Before discussing the merits of plaintiff's appeal, the court must discuss and clarify its authority for ordering transfer.

## TRANSFER OF ACTIONS BETWEEN DISTRICT COURTS

There are two statutes governing transfer of actions between the district courts. 28 U.S.C. § 1404(a) (1982) provides:

---

1. The cases which discuss an "informal" request to retransfer apparently contemplate that such a request would come from the Court of Appeals; however, according to plaintiff, an official in the office of the Clerk of the Fourth Circuit Court of Appeals has indicated that in this case plaintiff must bear the responsibility for retriev-

ing the original record and should seek the help of this court. Because the court can find no other authority for requesting retransfer, the court will follow the analysis in the cases cited above in determining the propriety of making an informal request to retransfer.

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

This statute allows district courts to transfer an action for reasons of convenience even though venue is proper. The other statute, 28 U.S.C. § 1406(a) (1982), provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This statute provides for transfer when venue is improper, as an alternative to dismissal.

Defendant in its motion to transfer argued that venue was improper because the parties had agreed to litigate disputes in California. In the October 3, 1988, order, the court transferred the action pursuant to 28 U.S.C. § 1406(a) after finding that the forum selection cause was valid and enforceable. Before the Supreme Court decision in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), several courts held that an enforceable forum selection clause makes plaintiff's choice of different venue improper and, therefore, § 1406(a) should control the decision to transfer. *E.g., D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708, 710 (D.R.I.1983); *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 72–73 (S.D.N.Y.1978). *Stewart* makes it clear that the presence of a forum selection clause does not in and of itself make venue improper. *Stewart*, 108 S.Ct. at 2243 n. 8 (court must look to 28 U.S.C. § 1391 to determine whether venue is improper under § 1406(a)).

■ Because defendant's argument that venue was improper rested solely on the existence of an enforceable forum selection clause, the court should have transferred this action to California, pursuant to § 1404(a). However, "[t]he mere fact that the court cited an irrelevant section of an act rather than a relevant one is no basis for invalidating its action." *Geehan v. Monahan*, 382 F.2d 111, 113 (7th Cir.1967) (district court transferred action pursuant to § 1404(a) instead of § 1406(a)). Therefore, in examining the merits of plaintiff's appeal, the court will deem this action to have been transferred pursuant to § 1404(a).

Before the recent Supreme Court decision in *Stewart*, the Fourth Circuit adhered to the standards set forth in the admiralty case of *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) in determining the effect of forum selection clauses in diversity cases. *See e.g., Sterling Forest Associates, Ltd. v. Barnett–Range Corp.*, 840 F.2d 249, 251 (4th Cir.1988); *Bryant Electric Co. v. City of Fredericksburg*, 762 F.2d 1192, 1196–97 (4th Cir.1985); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe and Steel Corp.*, 696 F.2d 315, 317–18 (4th Cir.1982). In *Bremen* the Supreme Court observed that "[f]orum-selection clauses have historically not been favored by American courts." *Bremen*, 407 U.S. at 9, 92 S.Ct. at 1913. Reversing the trend, the court held that a forum selection clause should be enforced unless the party opposing enforcement "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen*, 407 U.S. at 15, 92 S.Ct. at 1916. The court pointed out that inconvenience would rise to the level of unreasonableness only if the party seeking to escape the contract could show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18, 92 S.Ct. at 1917.

■ In *Stewart*, the Supreme Court held that while the standards set forth in *Bremen* may be "instructive" in resolving a motion to transfer under § 1404(a), the Court of Appeals erred in defining the relevant inquiry as whether the forum selection clause was enforceable under the *Bremen* standards. *Stewart*, 108 S.Ct. at 2243. Motions to transfer under § 1404(a)

call on the district court to "weigh in the balance a number of case-specific factors" and to engage in the "flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system." *Stewart*, 108 S.Ct. at 2244–45. While a forum selection clause "will be a significant factor that figures centrally in the District Court's calculus," the clause should be neither dispositive nor disregarded. *Id.* The court found "conceivable" that a district court might refuse to give effect to a forum selection clause after weighing in the balance the convenience of witnesses and the public-interest factors that come under the heading of "the interest of justice." *Stewart*, 108 S.Ct. at 2244.

## APPEALABILITY OF TRANSFER ORDERS

■ An order granting or denying a motion to transfer under § 1404(a) is considered interlocutory and is ordinarily nonappealable.[2] *Gower v. Lehman*, 799 F.2d 925, 927 (4th Cir.1986); *Ellicott Machine Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 (4th Cir.1974) (Craven, J.) ("it is well settled that the decision of a district judge on a motion for change of venue under section 1404(a) is not appealable as a final judgment"); *Clayton v. Warlick*, 232 F.2d 699, 702 (4th Cir.1956) (Parker, C.J.) ("it is well settled that an order entered under [§ 1404(a)] is an interlocutory order from which no appeal lies"); 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3855 at 472 (1986). However, plaintiff argues that the October 3, 1988, order is appealable, citing *Sterling Forest Associates, Ltd. v. Barnett–Range Corp.*, 840 F.2d 249 (4th Cir.1988).

In *Sterling Forest* the district court refused to give effect to a forum selection

clause by interpreting the phrase "venue shall be in California" to be nonexclusive; that is, venue existed in California, and elsewhere as well. Such an interpretation made the forum selection clause meaningless and redundant. "[C]onfronted with an attempt to put the *Bremen* principles to naught through a patently erroneous interpretation of the selection clause itself," the court held that the "district court was required to follow the principles articulated in *Bremen* despite any individual predilections it may have had." *Sterling Forest*, 840 F.2d at 251, 253. The court concluded that the facts would warrant resort to mandamus relief; however, it found that resort to mandamus was unnecessary by holding that the district court's order denying transfer to California was appealable. *Id.* at 252–53.

Plaintiff's reliance on *Sterling Forest* may be ill-founded. First, the Supreme Court decision in *Stewart*, rendered after *Sterling Forest*, casts doubt on the continuing vitality of that opinion. *Sterling Forest* commands strict adherence to the *Bremen* standards. *Stewart* eschews strict adherence to *Bremen* and requires district court judges, in deciding motions to transfer under § 1404(a), to engage in a balancing analysis which is much broader than the *Bremen* standards. Second, the continuing vitality of *Sterling Forest* may also be in doubt because it contradicted well-settled law in the Fourth Circuit without overruling it. For the reasons just stated, *Sterling Forest* may well be limited in the future by the Fourth Circuit to its facts or to its literal holding that orders *denying* transfer are appealable. In sum, the court is of the opinion, notwithstanding *Sterling Forest*, that the Fourth Circuit

---

**2.** In the November 21, 1988, order, the court denied plaintiff's motion in the alternative to certify the October 3, 1988, order in accordance with 28 U.S.C. § 1292(b). The court remains convinced that the October 3, 1988, order should not be certified for interlocutory appeal. Given the Supreme Court decision in *Stewart*, there is "no controlling question of law as to which there is substantial ground for difference of opinion." There is also no question of this court's authority to transfer the case to Califor-

nia, since plaintiff could have brought this action in the Eastern District of California. The only question on appeal is whether this court abused its discretion in transferring this action to California. Leading commentators and the American Law Institute agree that § 1292(b) should not be used solely to review whether a district court has abused its discretion under § 1404(a). 15 Wright, Miller & Cooper *Federal Practice and Procedure* § 3855 at 475 & nn. 7–8 (1986).

would hold that the October 3, 1988, order is not appealable.

## REVIEW OF THE OCTOBER 3, 1988, ORDER

■ If the Fourth Circuit were to hold that the October 3, 1988, order is appealable, the issue before the Court of Appeals would be whether this court committed an abuse of discretion in transferring the action to California. *Stewart*, 108 S.Ct. at 2243. Before transferring this action, the court took the following steps: reviewed the briefs from the parties on the motion to transfer; entered a memorandum outlining a tentative conclusion that the forum selection clause was valid and inviting plaintiff to supplement its showing on inconvenience; reviewed plaintiff's supplemented showing; and heard oral argument on the motion to transfer. The decision to transfer, made on the basis of the foregoing examination of the validity of the forum selection clause and the convenience of the parties and witnesses and looking to the *Bremen* standards for instruction, is the multifaceted analysis required by *Stewart.* Therefore, the court is of the opinion that the Fourth Circuit would hold that the October 3, 1988, order does not represent an abuse of discretion.

## CONCLUSION

The court concludes that the Fourth Circuit would hold that the October 3, 1988, order is not appealable and that, if the order is appealable, the order would be affirmed as a proper exercise of this court's discretion. Therefore, the merits of plaintiff's appeal do not justify the extraordinary request that the Eastern District of California retransfer this action so that the Fourth Circuit will have jurisdiction to hear the appeal. Nevertheless, in the interest of justice and fairness, and to dispel any notion that the court has deprived plaintiff of its right to appeal, the Clerk is directed to forward a copy of this order with a letter from the Clerk requesting that the United States District Court for the Eastern District of California retransfer the original record in this action.

IT IS SO ORDERED.