**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 98-1827**

———————————

In Re:  STEVEN A. LEVY,

                                        Petitioner.

———————————

On Petition for Writ of Mandamus.  (CA-98-291-S)

———————————

Submitted:  January 29, 1999      Decided:  February 17, 1999

———————————

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Steven A. Levy, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven A. Levy, an attorney proceeding pro se, petitions this court for two writs of mandamus. In January 1998, Levy filed a complaint in the Circuit Court of Maryland for Anne Arundel County against Henry M. Kaiser alleging various claims related to a failed business venture. After Kaiser removed the case to the United States District Court for the District of Maryland, Levy filed an amended complaint. Kaiser moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and in the alternative moved for transfer of venue to the Northern District of California. The district court granted the motion for transfer, and the case file was promptly sent to the transferee court in California. The Maryland district court subsequently denied Levy's motion for reconsideration.

In his first petition for a writ of mandamus (Petition), Levy asks the court to direct the Maryland district court to: (1) vacate its order transferring venue to the Northern District of California; and (2) exercise jurisdiction over the civil action to consider the consequence of Defendant's alleged failure to respond properly to Levy's complaint and thereby satisfy the procedural requisites of removal set forth in Fed. R. Civ. P. 81(c). While this Petition was pending, Levy filed a Motion for Temporary Relief and for Expedited Consideration (Motion). In that Motion, Levy requests issuance of a second writ of mandamus from this court directing the Maryland district court to ask the transferee court

2

to physically return the file to Maryland to permit consideration of Levy's original mandamus Petition challenging the transfer. Otherwise, Levy notes, this court is without jurisdiction to consider his Petition.

Levy is correct that the physical transfer of the Maryland district court's file to the Northern District of California divested this court of jurisdiction to entertain his Petition. See Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247, 250 (4th Cir. 1991) (finding that jurisdiction is conveyed to the transferee court upon physical transfer of the record); Chrysler Credit Corp. v. County Chrysler, Inc., 928 F.2d 1509, 1517 (10th Cir. 1991). As to Levy's Motion, even assuming we possess authority to issue a writ of mandamus directing the Maryland district court to request return of the file, we decline to do so. The granting of a writ of mandamus is a drastic remedy and should be used only in extra-ordinary circumstances. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). We find no such extraordinary circumstances here as Levy may move for retransfer in the Northern District of California. Doing so will "vest [the transferee court] with juris-diction" to review Levy's objections to the transfer. Linnell v. Sloan, 636 F.2d 65, 67 (4th Cir. 1980); see In re Nine Mile Ltd., 673 F.2d 242, 244 (8th Cir. 1982).

Accordingly, we deny both the Petition and the Motion. We dispense with oral argument because the facts and legal contentions

3

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED