# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2830

_____

| | | |
|---|---|---|
| Integrated Health Services of Cliff Manor, Inc., a Delaware Corporation; Integrated Health Services at Riverbend, a Delaware Corporation; Integrated Health Services at Somerset Valley, Inc., a Delaware Corporation; Alpine Manor, Inc., a Pennsylvania Corporation; Briarcliff Nursing Home, Inc., a Pennsylvania Corporation; Integrated Health Group, Inc., a Pennsylvania Corporation; Spring Creek of IHS, Inc., a Pennsylvania Corporation; Firelands of IHS, Inc., a Pennsylvania Corporation; Elm Creek of IHS, Inc., a Pennsylvania Corporation, | * * * * * * * * * * * * * * | Appeal from the United States District Court for the Western District of Missouri. |
| Plaintiffs-Appellants, | * * | |
| IHS Long Term Care Services, Inc., a Delaware Corporation, | * * * | |
| Plaintiff, | * * | |
| v. | * * | |
| THCI Company, LLC, a Delaware Limited Liability Company, | * * * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 15, 2005
Filed: August 10, 2005
_____

Before MELLOY, COLLOTON, and GRUENDER, Circuit Judges.
_____

MELLOY, Circuit Judge.

IHS Long Term Care Services, Inc. ("IHS Long Term Care") and its subsidiaries appeal the district court's[1] orders denying its Motion for a Preliminary Injunction and granting THCI Company, LLC's ("THCI") Motion to Transfer Venue to the United States District Court for the District of Delaware. We affirm.

## I.     Facts

Prior to February 2000, IHS Long Term Care Services, Inc.'s predecessor Integrated Health Services, Inc. ("Integrated Health Services") was one of the country's largest operators of nursing homes. The nursing homes were operated by subsidiaries of Integrated Health Services. The facilities were located on land owned by various other parties who would lease the land to the corresponding subsidiaries. One of these owner-lessors was THCI. THCI leased land to nine subsidiaries (the "subsidiaries"). The Integrated Health Services parent company was a guarantor of the subsidiaries' obligations under the THCI leases.

---

[1]The Honorable Gary A. Fenner, United States District Court Judge for the Western District of Missouri.

-2-

In February 2000, Integrated Health Services, including its subsidiaries, filed for Chapter 11 bankruptcy in the Bankruptcy Court for the District of Delaware. In May 2001, Integrated Health Services moved to assume some of the THCI leases but to reject others. THCI opposed the motion. Litigation followed on issues related to the validity of the THCI leases. THCI and Integrated Health Services eventually entered into a settlement. The bankruptcy court entered a stipulated order memorializing the terms of the settlement in March 2002 ("March 2002 Order"). The order required the parties "[w]ithin 30 days . . . or at such time thereafter as the Parties may agree . . . [to] enter into a master lease agreement amending and restating the Leases." March 2002 Order at 5. "[P]rovided the leases are [were] amended as . . . provided," the March 2002 Order required Integrated Health Services to "assume the leases as amended and restated by the Master Lease." March 2002 Order at 2.

Meanwhile, Integrated Health Services developed its Chapter 11 plan of reorganization. On January 28, 2003, Integrated Health Services and Abe Briarwood Corp. ("Briarwood") entered into a Stock Purchase Agreement, with implementation of the Agreement contingent on the Bankruptcy Court's confirmation of Integrated Health Service's plan of reorganization. The Stock Purchase Agreement required Integrated Health Services to form IHS Long Term Care Services, Inc. and to assign to IHS Long Term Care "all of [Integrated Health's] assets and liabilities . . . including without limitation the capital stock of all of the [s]ubsidiaries that conduct [Integrated Health's] long-term care business." The Stock Purchase Agreement, in essence, sold Integrated Health Service's nursing home business to Briarwood.

Briarwood subsequently refused to accept the transfer of the subsidiaries. Integrated Health Services sought relief from the March 2002 Order that imposed assumption of the THCI leases. In April 2003, Integrated Health Services and THCI had not executed a master lease, and Integrated Health Services filed a motion in the bankruptcy court seeking authorization, as required under Chapter 11, to reject all of the nine individual THCI leases. Integrated Health Services argued that the March

2002 Order made the execution of a master lease a precondition for assuming continuing lessee obligations. Because the master lease had not been executed, it argued, Integrated Health Services and the subsidiaries had no surviving lease obligations and were free to reject the nine leases without incurring rejection damages. THCI moved to compel Integrated Health Services to comply with the March 2002 Order and filed objections to the proposed plan of reorganization.

On April 22, 2003, the bankruptcy court granted THCI's motion to compel and denied relief to Integrated Health Services. The bankruptcy court found that the execution of a master lease had not been a precondition to the settlement. The bankruptcy court held:

> Within five (5) business days of the entry of this Order, the parties may execute a form of Master Lease on such terms as may be mutually agreeable by the parties, provided, however, that if within such time the parties do not execute a Master Lease on mutually agreeable terms, a Master Lease shall be deemed to exist, which Master Lease shall be deemed to incorporate the terms set forth in paragraphs 3(a), (b), (c), (d), (e), and (f) of the March 2002 [Order] and shall further be deemed to incorporate by reference all terms of the existing Leases to the extent not inconsistent with the March 2002 [Order].

Integrated Health Services and the subsidiaries appealed the April 2003 order to the Delaware District Court, which appeal remains pending. The parties did not execute a master lease within the five-day period.

On May 12, 2003, the bankruptcy court confirmed Integrated Health Service's plan of reorganization. The confirmation order found that, by virtue of previous court orders, "the Master Lease shall be treated as an assumed lease . . . unless and until an order is entered by this Court or another court of competent jurisdiction permitting the rejection of the THCI Leases . . . and/or nullifying or invalidating the Master Lease." Order of Confirmation at 40. The Order of Confirmation discharged all

proofs of claim that were not filed prior to May 12, 2003. Order of Confirmation at 49. Integrated Health Services contends that THCI failed to raise the guaranty issue, which is the subject of the lawsuit, prior to the date of the confirmation order and that THCI therefore waived that claim.

On September 9, 2003, the Stock Purchase Agreement closed. IHS Long Term Care acquired the capital stock of the subsidiaries. IHS Long Term Care's stock was owned by Briarwood.[2]

On September 24, 2003, THCI moved for attorneys' fees and $41,667,000 in administrative expenses in connection to the guaranties. On January 7, 2004, the bankruptcy court denied THCI's motion "because the claim was not identified as an Excluded Administrative Claim within the meaning of the Plan." January 2004 Order at 2.

On April 5, 2004, while the appeal of the bankruptcy court's order to the Delaware District Court remained pending, IHS Long Term Care filed a complaint against THCI in Platte County, Missouri, asking the court to order: (a) that the nine leases had expired by their terms, (b) that the master lease, if one had been created, was terminated by THCI's post-bankruptcy action in filing its administrative expenses claim, and (3) that the guaranties had expired. On May 4, 2004, THCI removed the case to United States District Court for the Western District of Missouri (the "Western District") under 28 U.S.C. § 1452(a), asserting that the matter was "related to" a pending Delaware bankruptcy appeal within the meaning of 28 U.S.C. § 1334(b). THCI also moved to transfer the Missouri complaint to the District of Delaware under 28 U.S.C. § 1404(a), contending that the issues raised by the

_____

[2]For simplicity, we continue to refer to IHS Long Term Care Services, Inc. as "Integrated Health".

Complaint were inextricably intertwined with those already being adjudicated by the Delaware district court.

IHS Long Term Care moved for remand, contending that the case was not related to the bankruptcy matter and that the Delaware bankruptcy court had issued an Order denying jurisdiction over claims under the guaranties, constituting res judicata on the issue of federal court jurisdiction. IHS Long Term Care also moved for a preliminary injunction asking the Western District to enjoin THCI from litigating its complaint in Delaware.

THCI answered IHS Long Term Care's motion and added counterclaims. THCI contended that: (a) the nine leases and guaranties were in effect, (b) IHS Long Term Care was liable to THCI on the guaranties, (c) THCI was entitled to specific performance of certain obligations in the nine leases, for fraudulent conveyance against IHS Long Term Care, and for damages as holdover tenants.

The parties briefed issues related to IHS Long Term Care's motion to remand, THCI's motion to transfer venue, and IHS Long Term Care's motion for a preliminary injunction and the district court held a hearing on June 29, 2004. On June 30, 2004, the Western District granted THCI's motion to transfer venue and denied IHS Long Term Care's motion for a preliminary injunction. The district court found that the Missouri complaint raised essentially the same issues as the Delaware bankruptcy appeal, and that the Western District intended to preserve the Delaware district court's authority to address those issues. The Western District left it to the Delaware court to resolve whether the Missouri complaint was "related to" the Integrated Health bankruptcy within the meaning of 28 U.S.C. § 1334(b).

Twenty days elapsed, and the Western District court transferred the file to the District of Delaware. A week later, on July 26, 2004, IHS Long Term Care filed the Notice of Appeal leading to our review, under 28 U.S.C. § 1292(a)(1) (appeal of an

interlocutory order denying a preliminary injunction).  On July 28, 2004, the District of Delaware docketed notice of its receipt of the file from the Western District. Thereafter, IHS Long Term Care filed a petition for mandamus against the Western District judge.  This Court denied the petition for mandamus on October 21, 2004.

## II.    Discussion

We first address the issue of our jurisdiction over this matter.  There was some suggestion by THCI that this court lacks jurisdiction because the Western District transferred the case file before IHS Long Term Care sought appeal.  It is true that when a case file is physically transferred to another court, it divests our court of jurisdiction.  In re: Nine Mile Ltd., 673 F.2d 242, 244 (8th Cir. 1982).  The district court below transferred the case file to the Delaware court.  However, "[o]ur circuit takes the view that the physical receipt of the file in the transferee court is the event that signals the end of jurisdiction in the transferor court." Midwest Motor Express, Inc. v. Central States Southeast, 70 F.3d 1014, 1016 (8th Cir. 1995).  While the Western District had already sent the file when IHS Long Term Care filed their Notice of Appeal on July 26, 2004, the Delaware court did not docket notice of receipt of the file until two days later, on July 28, 2004.  Because IHS Long Term Care filed their Notice of Appeal before the date of receipt, we have jurisdiction to hear the appeal.

Next we turn to the issue of the district court's power to transfer the case before deciding the issue of its own jurisdiction.  We agree with IHS Long Term Care that a court without subject matter jurisdiction cannot transfer a case to another court under 28 U.S.C. § 1404(a).  Klett v. Pim, 965 F.2d 587, 591 n.7 (8th Cir. 1992). However, we agree with THCI that the Western District had jurisdiction over this case because it was "related to" the proceedings in Delaware.

District courts have "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "For subject matter jurisdiction to exist in a 'related to' action, there must be some nexus between the civil proceeding and the Title 11 case." Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995). "A claim is 'related to' a bankruptcy case within the meaning of § 1334(b) if it 'could conceivably have any effect' on the bankruptcy estate." Kocher v. Dow Chemical Co., 132 F.3d 1225, 1230-31 (8th Cir. 1997) (quoting Abramowitz v. Palmer, 999 F.2d 1274, 1277 (8th Cir. 1993)). These possible effects include any matter that could "'alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate.'" In re: Dogpatch U.S.A., 810 F.2d 782, 786 (8th Cir. 1987) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)).

IHS Long Term Care's complaint below concerned the status of the nine leases, the master lease, and the guaranties under the leases. At the time of removal, these issues were still being litigated in the Delaware courts. As explained above, the bankruptcy court granted THCI's motion to compel Integrated Health to comply with the March 2002 Order to execute a master lease and assume the leases. This issue was on appeal to the Delaware district court when IHS Long Term Care filed its complaint in the Missouri state court and when THCI removed the matter to the Western District. The status of the lease obligations are contingent on issues pending before the Delaware district court. The case below is thus related to the bankruptcy appeal in the Delaware district court and the district court had jurisdiction to transfer the case. For the same reasons, we find it was not an abuse of discretion to transfer the matter to the Delaware court. The transfer serves judicial economy by putting the related matter before the same court handling the bankruptcy. See Abramowitz, 999 F.2d at 1278 (the exercise of "related to" jurisdicion under § 1334(b) "avoid[s] the inefficiencies of piecemeal adjudication and promote[s] judicial economy by aiding in the efficient and expeditious resolution of all matters connected to the debtor's estate"). It follows that the district court did not abuse its discretion in denying IHS

Long Term Care's injunction to prevent litigation of the matter in the Delaware courts.

For the foregoing reasons, we affirm the judgment of the district court.

_____