DAILY EXPRESS, INC., Plaintiff,

v.

NORTHERN NECK TRANSFER CORP.,
Defendant and Third-Party Plaintiff,

v.

CAROLINA CASUALTY INSURANCE
COMPANY, Third-Party Defendant.

Civ. A. No. 79–369.

United States District Court,
M. D. Pennsylvania.

Sept. 14, 1979.

Harvey Freedenberg, McNees, Wallace & Nurick, Harrisburg, Pa., for plaintiff.

Leon P. Haller, Purcell, Nissley, Krug & Haller, Harrisburg, Pa., for defendant Northern Neck Transfer Corp.

Francis J. O'Gorman, Jr., Keefer, Wood, Allen & Rahal, Harrisburg, Pa., for defendant Carolina Casualty Insurance Co.

## MEMORANDUM

RAMBO, District Judge.

This case is before the Court on a Motion to Transfer the entire action to the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. § 1404(a). The Motion was made by the Third-Party Defendant, Carolina Casualty Insurance Company (Carolina), and is opposed by the other parties.

The suit arose out of the following factual situation. On November 7, 1978, Daily Express, a carrier regulated by the Interstate Commerce Commission (ICC), leased from Northern Neck Transfer Corporation (Northern), Defendant and Third-Party Plaintiff, a tractor-trailer and driver for a trip from Beech Bottom, West Virginia to Richmond, Virginia. In the course of the trip the Northern equipment and driver, operating under Daily Express's ICC authority, were involved in a motor vehicle accident in West Virginia. Personal injuries were sustained by members of the Clem family, West Virginia residents. The Clems made a claim for their injuries against Daily Express. Daily Express settled the claim and brought this action for reimbursement of the settlement amount in accordance with the lease agreement with Northern and common law principles. Northern filed a Third-Party Complaint against Carolina, claiming that under the terms of an insurance policy between Northern and Carolina, Carolina should be judged liable for any amounts which Daily Express might recover from Northern.

Carolina filed this Motion to Transfer at the same time it answered the Third-Party Complaint. The reasons given by Carolina in its Motion for believing West Virginia would be a better forum are: that, since the lease agreement and settlement with the Clems were both made in West Virginia, the Court will have to apply West Virginia law; and that the accident occurred in West Virginia and thus West Virginia witnesses will be involved.

Daily Express, in its Brief in Opposition to Carolina's Motion, argues that Carolina, as a Third-Party Defendant, does not have standing to request transfer of the entire case, and that, even if Carolina does have standing to request a transfer, the factors which the Court must consider in deciding whether or not to transfer a case weigh in favor of this Court's retention of venue.

■ Though it could hardly be called a well-settled issue, it is the opinion of the Court that Carolina does have standing to request a transfer of the case under 28 U.S.C. § 1404(a). That section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought". Plaintiff cites *St. Hilaire v. Shapiro*, 407 F.Supp. 1029 (E.D.N.Y.1976), and *Seafood Imports, Inc. v. A. J. Cunningham Packaging Corp.*, 405 F.Supp. 5 (S.D.N.Y. 1975), in support of its contention that a Third-Party Defendant does not have standing to seek the transfer of an entire action. Both of these cases, however, address objections to venue made by Third-Party Defendants under 28 U.S.C. § 1406(a). Section 1406(a) deals with dismissal or transfer of a case when venue was improper at the time the case was initiated, that is before the Third-Party Defendant became involved. A Plaintiff would be prejudiced if a Third-Party Defendant were permitted to request transfer under § 1406(a) because of the relationship of that section to Rule 12 of the Federal Rules of Civil Procedure. Rule 12(b) requires that a Defendant raise the issue of improper venue by a Motion filed prior to the filing of a responsive pleading, or in the responsive pleading. Under Rule 12(h)(1), if a Defendant fails to object to venue in either of

these two ways, he has waived the objection to venue. If the objection has been waived by the Defendant, to allow a Third-Party Defendant to make the objection might lead to collusive efforts on the part of a Defendant to get a Third-Party Defendant into the action primarily for the purpose of moving for dismissal or change of venue. It would also prejudice the right of the Plaintiff to have a timely objection to the propriety of venue, or none at all.

A Motion to Transfer under § 1404 differs from a Motion under § 1406 in that there is no claim that venue is improper as to the original Plaintiff and Defendant. Neither is a request to transfer for the convenience of the parties or witnesses waived by the Defendant if not raised prior to or in a responsive pleading. *Nowotny v. Turner*, 203 F.Supp. 802 (D.C.N.C.1962). As the Defendant has waived no right and could still make a Motion to Transfer for the convenience of the parties and witnesses, Plaintiff suffers no prejudice if a Third-Party Defendant requests transfer of the case.

If the purpose of § 1404(a) is to allow the Court to consider which would be the more convenient forum for the parties and witnesses, a Third-Party Defendant should not be barred from requesting a review of the choice of forum. *Underwood v. Continental Assurance Co.*, 141 F.Supp. 635 (D.C.Tex. 1956).

Consideration of the Motion to Transfer requires the weighing of three factors: convenience of parties, convenience of witnesses, and the interests of justice. It should be noted at the outset that the Northern District of West Virginia and the Middle District of Pennsylvania are not more than a few hours apart measured in travel time by automobile. Thus, if a witness must leave his home and travel to one Court, as in the case of the truck driver who resides in Virginia, he would not be significantly inconvenienced because he was required to go to Pennsylvania rather than West Virginia.

The convenience of the parties will not be enhanced by moving this case to West Virginia. The Plaintiff is a Pennsylvania corporation with its principal place of business within an hour's drive of the Pennsylvania Court. The Defendant's principal place of business is in Virginia. As noted above, travel to either Court will be necessary for representatives of the Defendant. The Third-Party Defendant, Carolina, has its home office in Florida. The Affidavit of Carolina, filed in support of its Motion, makes no claim that Pennsylvania would be less convenient for Carolina than West Virginia would be.

It would be speculation to say that West Virginia would be a more convenient forum for the witnesses in this case. To buttress its Motion for Transfer, Carolina relies on the fact that the motor vehicle accident occurred in West Virginia and the Clem family, injured in the accident, resides there. Attached to Carolina's Affidavit is an accident report filed by the Police after the incident. Even assuming that the two adult Clems might be called to testify, no party has stated that they will be, there were no other witnesses listed on the accident report. Carolina has not supplied the Court with evidence as to what witnesses will be testifying at trial, or the materiality of their testimony. Without that information, the Court can hardly weigh the inconvenience to all the witnesses involved. Witnesses concerning the lease agreement and the insurance policies will probably come from the corporate offices of the parties. It may be that the Middle District of Pennsylvania is more convenient for them than the Northern District of West Virginia will be.

Carolina advances an additional reason in favor of transfer. That is that the Court will have to apply West Virginia law. The necessity to apply foreign law is given little weight in reviewing the merits of a Motion to Transfer. *Atlantic Richfield Co. v. Stearns-Roger, Inc.*, 379 F.Supp. 869 (E.D.Pa.1974). The moving party must establish that the balance of interests involved is strongly in favor of transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970). When both Plaintiff and Defendant desire to remain in the forum

originally selected by the Plaintiff, justice requires that a Third-Party Defendant requesting transfer back that request with compelling proof of the inconvenience justifying transfer. The Plaintiff chose a proper forum. The moving party, Carolina, has failed to establish that the parties or witnesses will suffer any significant inconvenience if venue is retained by this Court. Under the circumstances, it is in the interest of justice to deny the Motion to Transfer made by the Third-Party Defendant pursuant to 28 U.S.C. § 1404(a).