**KNIGHT MEDICAL, INC., Plaintiff,**

v.

**NIHON KOHDEN AMERICA, INC., Defendant.**

**No. C–90–486–D.**

United States District Court, M.D. North Carolina, Durham Division.

April 12, 1991.

William R. Shell, Wilmington, N.C., for plaintiff.

Reginald B. Gillespie, Jr., Durham, N.C., Michael J. Maloney, Ellen Rabiner, Los Angeles, Cal., for defendant.

## ORDER

ERWIN, Chief Judge.

This matter comes before the court upon motions by defendant Nihon Kohden America, Inc. (NKA), a California corporation, for dismissal of the action filed by plaintiff Knight Medical, Inc. (Knight), a Florida corporation. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the defendant contended that this action should be dismissed because the plaintiff failed to state a claim upon which relief can be granted, because the court should not exercise its jurisdiction, and because of improper venue. In its alternative motion to transfer pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) (West 1991), NKA argued that this action should be transferred to the United States District Court for the Central District of California, the site mentioned in a forum choice provision in the disputed agreement. Both parties have briefed the relevant issues, and the matter is now ripe for a ruling. The court grants defendant NKA's motion to transfer and declines to address its alternative motions to dismiss.

### Factual Summary

Plaintiff Knight commenced this action against defendant NKA, alleging that NKA breached a sales representation contract. The agreement contained a forum selection clause, which required that all actions involving the contract be litigated in courts located in Los Angeles or Orange County, California. Without apparent reservation, the plaintiff initialed the page upon which the clause appeared in the contract and signed the signature page of the agreement, which also referred to the forum choice provision. Because of the plaintiff's signature, the defendant argued that this contract provision should be enforced and that this matter should be transferred to the Central District of California.

To the contrary, the plaintiff maintained that the forum choice provision was a "take

it or leave it" clause which should not be given legal effect. Knight suggested that the first two agreements between it and the defendant did not contain forum choice provisions. According to the plaintiff, NKA did not present it with the agreement containing the forum choice clause until after it had expended considerable resources toward fulfilling its previous contractual obligations.

## Legal Discussion

Whether a federal district court should transfer a case is governed by 28 U.S.C. § 1404(a) (West 1991). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* The district court's transfer power is often invoked to avoid dismissal of actions where venue may be improper. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a) (West 1991). *See Southern Distributing v. E. & J. Gallo Winery,* 718 F.Supp. 1264 (W.D.N.C.1989).

As defendant NKA correctly noted, the court's first determination is whether the action could have brought in the Central District of California, the district to which the defendant seeks a transfer. The defendant favored this district because that is where its principal place of business is, where most of the physical evidence that it would present at trial is, and where most of its witnesses reside. In light of these facts, the court finds that this action might have been brought in the United States District Court for the Central District of California.

After determining that a suit could have been brought in another district, the court must determine whether that forum is a legally convenient one pursuant to 28 U.S.C. § 1404(a). A "significant factor that figures centrally in the District Court's calculus" is the presence of a forum choice clause. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243-44, 101 L.Ed.2d 22 (1988). *See, e.g., The Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (forum choice clauses held valid and enforceable). However, the presence of a forum selection clause does not in and of itself make venue improper." *Southern Distributing,* 718 F.Supp. at 1267. In order to contest the enforceability of these clauses, the Court placed the burden on the party challenging the enforcement of the forum choice provision to "show that enforcement would be unreasonable and unjust." 407 U.S. at 14, 92 S.Ct. at 1916. *See, e.g., Bryant Electric Co. v. City of Fredricksburg,* 762 F.2d 1192, 1197 (4th Cir.1985).

In the instant case, Knight must demonstrate that the forum choice provision is unreasonable or unjust in order to prevent its enforcement. The court finds that it has failed to meet this burden. The plaintiff willingly agreed to the contract and did not contest or seek negotiations concerning the forum choice clause. It did not challenge the provision until after its contractual relations with the defendant had soured, and it wished to contest the defendant's dismissal and transfer motions. The court recognizes that Knight may face some difficulty and inconvenience in prosecuting its suit in California, but it also cannot ignore Knight's acquiescence to the contract.

Therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court GRANTS the defendant's motion to transfer and DECLINES to address its alternative motions to dismiss.