**BHP INTERNATIONAL INVESTMENT, INC.,
Plaintiff,**

v.

**ONLINE EXCHANGE, INC., Paul
A. Schneider, Defendants.**

**No. 2:00CV292.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 20, 2000.

---

**494**

Philip A. Liebman, Virginia, VA, for plaintiff.

Gregory A. Giordano, Shuttleworth, Ruloff, Giordano & Swain, Virginia Beach, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendants OnLine Exchange, Inc.'s ("OnLine") and Paul A. Schneider's motion to dismiss for improper venue, or in the alternative, to transfer venue to the United States District Court for the Eastern District of Missouri. For the reasons outlined below, defendants' motion to dismiss is **DENIED**, and motion to transfer is **GRANTED**.

### I. Factual and Procedural History

BHP International Investment, Inc. ("BHP"), at all times relevant to the complaint, was a corporation organized and existing under the laws of the Commonwealth of Virginia, with a principal place of business located in Newport News, Virginia. On May 5, 1997, BHP executed an independent contractor application and agreement with defendant OnLine, a cor-

poration organized and existing under the laws of the State of Missouri, with a principal place of business located in St. Louis, Missouri. This first agreement contained a forum selection clause mandating arbitration in the County of St. Louis, Missouri. (Defs.Mot. Dismiss, Paul A. Schneider Aff.Ex. 1 at 2, ¶ 29). On August 7, 1997, BHP executed a subsequent independent application and agreement with OnLine. The August 7, 1997, agreement, which effected a change to the contractual relationship between the parties, contained the following forum selection and choice of law provision:

> This agreement shall be governed by the laws of the state of Missouri, and all claims, disputes and other matters between the parties to this agreement shall be brought in St. Louis County Court, in St. Louis, Missouri, or in the U.S. District Court, in St. Louis, Missouri.

(Defs.Mot. Dismiss, Paul A. Schneider Aff. Ex. 2 at 2, ¶ 24).

On or about December 14, 1999, plaintiff filed a motion for judgment in the Circuit Court for the City of Virginia Beach, alleging that its performance under the agreement constituted participation in an alleged illegal pyramid sales scheme in violation of Mo.Rev.Stat. § 407.400 *et seq.* The motion for judgment was served on defendants by the Secretary of the Commonwealth of Virginia on or about April 4, 2000. On April 25, 2000, defendants timely removed the action [1] to this court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Defendants filed a motion to dismiss for improper venue, or in the alternative, to transfer venue, pursuant to Federal Rule of Civil Procedure 12(b)(3), and 28 U.S.C. § 1404(a), respectively. Both motions are based on the forum selection clause in the August 7, 1997. Plaintiff responded to the instant motion.[2] The matter is now ripe for review.

---

1. *See* 28 U.S.C. § 1446(b).

2. Plaintiff was required to file its brief and any affidavits in response to defendants'

## II. Motion to Dismiss for Improper Venue.

Defendants argue that this court should dismiss the instant suit for improper venue based on the forum selection clause in the August 7, 1997, agreement between OnLine and BHP, which clearly designates St Louis County Court, in St. Louis, Missouri, or in the U.S. District Court, in St. Louis, Missouri, as the appropriate forum for all claims and disputes arising between the parties. (Defs.Mot. Dismiss, Paul A. Schneider Aff.Ex. 2 at 2, ¶ 24). Essentially, defendants argue that a contract forum selection clause renders venue improper in a district, even where venue is otherwise proper. Plaintiff did not meaningfully respond to defendants' motion.[3]

It is well-settled law that parties may bargain in advance to select the forum in which their disputes will be adjudicated. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590–96, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The effect to be given to such provisions and the procedural vehicle by which they should be enforced, however, is the subject of some confusion.

In *M/S Bremen,* the Supreme Court, for the first time, clearly held that forum selection clauses in freely negotiated private agreements, "unaffected by fraud, undue influence, or overwhelming bargaining power ... should be given full effect," unless clearly shown that enforcement would be unreasonable and unjust. *M/S Bremen,* 407 U.S. at 12–13, 92 S.Ct. 1907. Inconvenience alone is not sufficient grounds to avoid the application of a forum selection clause, unless the party seeking to avoid the clause can show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.* at 18, 92 S.Ct. 1907.

Subsequently, in *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Court injected a fairness and convenience component into the enforcement analysis. The Court held that federal law controls a motion pursuant to 28 U.S.C. § 1404(a) to transfer an action to the venue provided in a contractual forum selection clause. Under 28 U.S.C. § 1404(a), a district court can transfer a civil action "for the convenience of the parties and witnesses, in the interest of justice [to] .. any other district ... where it might have been brought." Under federal law, the Court ruled, a forum selection clause should "be a significant factor that figures centrally" in a transfer analysis but that a forum selection clause

---

pending motions on or before May 12, 2000. Plaintiff failed to do so. Thereafter, the Clerk of this court sent a letter to plaintiff, notifying it that its brief was due no later than May 21, 2000. The plaintiff subsequently mailed its untimely reply brief on May 22, 2000. On May 31, 2000, the court received an affidavit to support its opposition to the pending motions.

**3.** In response to defendants' motion to dismiss, plaintiff seriously misconstrued the basis for the instant motions. Plaintiff argues that "the gist of the Defendants' motion is that the Plaintiff was a Virginia corporation which was dissolved in 1998, and that it therefore has lost its right to assert a claim in court." (Pl.Br. Opp'n Mot. Dismiss at 1). Moreover, the *only* argument advanced by plaintiff is that dissolution of a corporation does not prevent commencement of a proceeding by or against the corporation in its corporate name. However, this was not the "gist" of defendants' argument at all—at no time have defendants argued that this court should dismiss because plaintiff is no longer an operating entity. The only mention of BHP as a non-operating entity was made by defendants in support of the motion to transfer. They argued that because plaintiff's corporation has dissolved since the events forming the basis of its complaint, and was no longer an operating entity, the court's analysis of inconvenience and disruption to BHP as a corporate entity in litigating the claims outside of Virginia should be minimal. (Def.Br.Supp.Mot. Dismiss at 6).

should be considered "only one relevant factor." *Id.* at 29, 108 S.Ct. 2239.

While the Court did not directly address the issue of the proper procedural vehicle for enforcing a forum selection clause, it implied that venue is proper in a district as long as the applicable federal venue statute is satisfied, even given a viable forum selection clause that called for suit to be filed in a different district. Essentially, the opinion implies that a forum selection clause requiring the parties to litigate in the state or federal courts of another state did not render venue *per se* improper in another district. *See id.* at 28 n. 8, 108 S.Ct. 2239 ("The parties do not dispute that the District Court properly denied that motion to dismiss for improper venue under 28 U.S.C. § 1406(a) because respondent does business in the Northern District of Alabama. *See* 28 U.S.C. § 1391(c) (venue proper in judicial district in which corporation is doing business)."). Although not technically at issue, the Court in *Stewart* indicated that the procedural vehicle through which a forum selection clause should be enforced is through a motion to transfer pursuant to § 1404(a).

The analysis of defendants' motion would then be relatively straightforward, but for the Court's decision in *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), rendered just three years after *Stewart*. In *Carnival Cruise Lines*, the plaintiffs, injured on the defendant's cruise ship, brought an admiralty action in federal district court in their home state, contrary to a forum selection clause printed on their cruise tickets. The defendant moved for summary judgment on the grounds that the court lacked personal jurisdiction over it and that the forum selection clause re-

quired the litigation to be brought in Florida. Alternatively, the defendant moved to transfer the action to a federal district court in Florida under Section 1406(a). The district court granted summary judgment in the defendant's favor for lack of personal jurisdiction and dismissed. The Ninth Circuit reversed, holding that the district court did have personal jurisdiction, and that under Supreme Court authority, the forum selection clause was invalid and should not be enforced since it had not been freely bargained. *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 389 (9th Cir.1990).

The Supreme Court reversed, ruling that the contract was enforceable under *M/S Bremen*, but without either applying or overruling the balancing test set forth in *Stewart*. *See Carnival Cruise Lines*, 499 U.S. at 591–95, 111 S.Ct. 1522. The Court held that the inclusion of a reasonable forum selection clause in a form contract benefitted litigants by limiting pretrial motions on the proper forum for litigation and possibly lowering the fares to passengers because of cost savings accruing to the cruise line through the limitation of forums in which it could be sued. *See id.* at 594, 111 S.Ct. 1522. The Court's reversal of the Ninth Circuit's decision had the effect of dismissing the case, even though the action could have been transferred to Florida; however, the Court in *Carnival Cruise Lines* never addressed the specific question of reversal versus transfer, nor did it overrule *Stewart*.

The Court of Appeals for the Fourth Circuit has not specifically addressed the issue of whether a forum selection clause should be enforced by dismissing an action where transfer is possible.[4] District

---

**4.** The Fourth Circuit has, however, considered a motion to dismiss for improper venue, when transfer is not possible. In *Allen v. Lloyd's of London*, 94 F.3d 923, 932 (4th Cir.1996), the Fourth Circuit enforced a forum selection clause and dismissed for improper venue when the forum selection clause required "any dispute and/or controversy of whatsoever nature arising out of or relating to" the contract "be submitted to the exclu-

sive jurisdiction of the British courts and that British law govern all matters ...." *Id.* at 928. Since federal courts lack authority to transfer cases to foreign or state courts, the only method through which such a forum selection clause may be honored, is to allow a dismissal for improper venue.

The same is true for *Lawler v. Schumacher Filters America, Inc.*, 832 F.Supp. 1044, 1052 (E.D.Va.1993), on which defendants relied to

courts within the Fourth Circuit have almost uniformly held that a motion to dismiss for improper venue is not the correct procedural vehicle for enforcing a forum selection clause when transfer is proper. Indeed, relying on *Stewart*, even after the *Carnival Cruise Lines* decision, courts within this circuit have held that the propriety of venue rests only upon whether an action satisfies the federal venue statutes, not upon the provisions of the litigants' private contractual agreements. *See Mead v. Future Medicine Publishing, Inc.*, No. 1:98cv00554, 1999 WL 1939256, at *2 (M.D.N.C. Feb.22, 1999) ("the court will ... analyze Section 1391 to determine if Section 1404(a) or Section 1406(a) applies"); *P.M. Enterprises v. Color Works, Inc.*, 946 F.Supp. 435, 439 (S.D.W.V.1996) ("Section 1406 dismissal, however, is not the correct procedural vehicle for enforcing a forum-selection clause."); *Knight Medical, Inc. v. Nihon Kohden America, Inc.*, 765 F.Supp. 291, 292 (M.D.N.C.1991) (holding that forum-selection clause does not "in and of itself" make venue improper); *Southern Distributing Co., Inc. v. E & J Gallo Winery*, 718 F.Supp. 1264, 1267 (W.D.N.C.1989); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–78 (3d Cir.1995); *National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F.Supp. 671, 678–79 (D.N.J.1993). *But see Key Motorsports, Inc. v. Speedvision Network, L.L.C.*, 40 F.Supp.2d 344, 349 (M.D.N.C.1999) (affirming dismissal for improper venue based on a forum selection clause). Instead, valid forum selection clauses may be enforced through transfer pursuant to 28 U.S.C. § 1404(a). *See infra* Section II; *Mead*, 1999 WL 1939256, at *3; *P.M. Enterprises*, 946 F.Supp. at 439; *Knight Medical*, 765 F.Supp. at 292; *Southern Distributing Co.*, 718 F.Supp. at 1267.

This court follows the aforementioned authority and determines whether venue is proper pursuant to the venue statutes. The court finds first that this case was properly removed by defendants to "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, venue is proper pursuant to the removal statute. To the extent that a district court must further evaluate whether venue is proper pursuant to 28 U.S.C. § 1391(a), the court finds that venue is also proper. That section provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Defendants do not specifically argue, nor have they put forth evidence to suggest, that venue is improper pursuant to § 1391—the substance of their argument is simply that a forum selection clause essentially preempts the federal venue statutes, precluding a finding of venue, even where otherwise proper. For the reasons stated above, the court disagrees. Plaintiff claims that "all of the agreements which are the basis for this lawsuit were reached in the State of Virginia." (Bunnareth Hem Aff. ¶ 2). Defendants do not contest the truth of this information.[5] Accordingly, since a substantial part of the

---

support their argument to dismiss for improper venue. In *Lawler*, since the forum selection clause designated Germany as the forum for all litigation under the contract, the district court lacked authority to transfer. Accordingly, dismissal was the only option.

5. Defendants filed an objection to the Bunnareth Hem affidavit on the grounds that it was untimely filed. *See supra* note 2. However, the court exercises its discretion to consider the affidavit.

events giving rise to the inducement to enter into a void contract claim occurred within this district, the court finds that the Eastern District of Virginia may be a proper venue for this suit. Consequently, defendants' motion to dismiss for improper venue is **DENIED.**

### III.  Motion to Transfer

Defendants' alternative motion is to transfer pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." After a thorough review of the record, the court finds, for the reasons outlined below, that, although venue is proper within the Eastern District of Virginia, the Eastern District of Missouri is the more logical and convenient forum to pursue the claims at bar. Accordingly, defendants' motion to transfer is **GRANTED.**

### A.  Venue is Proper in the Transferee Court.

█ Defendants propose transfer to the United States District Court for the Eastern District of Missouri. As an initial matter, the court must determine whether the proposed transferee court is one in which the action originally may have been brought. Venue is proper in a civil action where jurisdiction is based on diversity of citizenship in any judicial district "in which any defendant is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391. Defendant Paul A. Schneider, president of OnLine, is a resident of Missouri, and is thus subject to personal jurisdiction in Missouri. For venue purposes, a *corporate* defendant shall be "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time an action is commenced, such corporation is deemed to reside in any district within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." 28 U.S.C. § 1391(c). Defendant OnLine is a corporation organized under the laws of Missouri, with its princi-

pal place of business in St. Louis—there is no question that the corporate defendant is subject to personal jurisdiction within the Eastern District of Missouri. Accordingly, venue is proper for each defendant in the Eastern District of Missouri.

### B.  The Interests of Justice Favor Transfer.

█ While derived in part from, and drafted in accordance with, the common law doctrine of forum non conveniens, 28 U.S.C. § 1404(a) is broader and grants district courts more discretion to transfer cases than the common law doctrine. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Akers v. Norfolk & W. Ry. Co.,* 378 F.2d 78, 79 (4th Cir.1967); *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83 F.Supp.2d 689, 696 (E.D.Va.2000). The decision whether to transfer an action pursuant to § 1404(a) "is committed to the sound discretion of the district court." *Verosol B.V. v. Hunter Douglas, Inc.,* 806 F.Supp. 582, 591 (E.D.Va.1992). In exercising that discretion and determining whether to grant a motion pursuant to § 1404(a), a court must consider and balance a number of factors, including: (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice. *See Cognitronics,* 83 F.Supp.2d at 696; *Reynolds Metals Co. v. FMALI, Inc.,* 862 F.Supp. 1496, 1501 (E.D.Va.1994) (citing *Verosol,* 806 F.Supp. at 592); *Board of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F.Supp. 1253, 1256 (E.D.Va.1988). While usually the burden to show that a transfer is proper rests on the movant, *see Verosol,* 806 F.Supp. at 592, some courts have found that the presence of a forum selection clause means that the burden shifts to the

plaintiff to demonstrate why he should be relieved from his contractual duty. *See Mead,* 1999 WL 1939256, at *4; *Huntingdon Engineering & Environmental Inc. v. Platinum Software Corp.,* 882 F.Supp. 54, 57 (W.D.N.Y.1995) (citing *Weiss v. Columbia Pictures Television, Inc.* 801 F.Supp. 1276, 1278 (S.D.N.Y.1992)); *Knight Med.,* 765 F.Supp. at 292.

■ The first three prongs of the § 1404(a) balance inquiry seem to favor neither Virginia nor Missouri as a forum for resolution of plaintiff's claims. Although all of defendants' witnesses reside in St. Louis and all of OnLine's corporate records are located in St. Louis at OnLine's principal place of business, (Schneider Aff. ¶ 3-4, 8), plaintiff also claims that it has several witnesses to the agreements and to defendants' conduct, all of whom are located in Virginia. (Hem Aff. ¶ 6). No matter which forum is selected, one side or the other will be burdened with bringing themselves and their witnesses from far away. There are, however, two factors which this court believes weigh heavily in favor of transfer.

First, each of plaintiff's causes of action arise under Missouri law.[6] Specifically, plaintiff claims that OnLine and its president, Paul Schneider, induced BHP to participate in an illegal pyramid sales scheme prohibited by Missouri law. *See* Mo.Rev. Stat. § 407.400 *et seq.* BHP seeks to recover payments made to OnLine under its contract, including double damages under the Missouri pyramid sales scheme statute, and recission of its contract with OnLine. (Compl.¶¶ 26–29, 35–37). Although this court could familiarize itself with Missouri law for the purposes of the case at bar, the court finds that Missouri courts have a strong interest in having local controversies decided at home.

Secondly, the court considers the effect of the valid, enforceable forum selection clause naming the United States District Court for the Eastern District of Missouri

as one of two appropriate forums for any action between these two parties. The Court in *Stewart* stated that forum selection clauses "should receive neither dispositive consideration" nor "no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Stewart,* 487 U.S. at 31, 108 S.Ct. 2239. There is no question in this case that the choice of forum clause is valid. The Supreme Court has consistently accorded choice of forum provisions presumptive validity, rejecting the "parochial concept" that "notwithstanding solemn contracts . . . all disputes must be resolved under our laws and in our courts." *M/S Bremen,* 407 U.S. at 9, 92 S.Ct. 1907. Choice of forum provisions may be found unreasonable, and thus unenforceable, if (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. *See Carnival Cruise Lines,* 499 U.S. at 595, 111 S.Ct. 1522; *M/S Bremen,* 407 U.S. at 12–13, 92 S.Ct. 1907; *Allen,* 94 F.3d at 928.

Plaintiff does not dispute that it signed the contract with the forum selection clause, nor has it argued or put forth any evidence to suggest the forum selection clause is unenforceable. Indeed, defendants argue that the forum selection clauses are reasonable, material clauses of their agreements. (Schneider Aff. ¶ 13). The clauses allow OnLine to organize its corporate affairs—absent the forum selection clauses, OnLine would potentially be subject to suit in all fifty states resulting in financial and logistical hardships. (Schneider Aff. ¶ 13); *see Carnival Cruise Lines,* 499 U.S. at 594, 111 S.Ct. 1522 (Court considered cost savings accruing by

---

6. The court notes that even though plaintiff specifically pleaded violations of Missouri law in its complaint, the contract itself contains a choice of law provision designating Missouri law to govern all questions arising under the contract.

**500**

limiting forums). While the court acknowledges that forum selection clauses are not dispositive of transfer, the balance of all of the above factors, in conjunction with the forum selection clause, persuades the court that the interests of justice would be best served by transferring this case to the Eastern District of Missouri.

### IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss for improper venue is **DENIED.** The court, however, **TRANSFERS** this case to the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404(a), for all further proceedings.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for all parties, and to forward the entire case file to the Clerk of the Eastern District of Missouri.

IT IS SO ORDERED.