MEMORANDUM OPINION AND ORDER
 

 REBECCA BEACH SMITH, District Judge.
 

 This matter comes before the court on the motions of third-party defendants, Dawn Services, LLC, and Global International Marine, Inc., to dismiss the third-party complaint or, in the alternative, to transfer venue to the Eastern District of Louisiana. For the reasons set forth below, the motions to transfer are GRANTED. The motions to dismiss are DENIED. Accordingly, the entire civil action is TRANSFERRED to the Eastern District of Louisiana.
 

 I. Factual and Procedural History
 

 On May 29, 2003, defendant JNB Storage Trailer Rental Corporation (“JNB”) purchased a 25-year old barge, hereinafter referred to as the JNB-40, in Amelia, Louisiana. Also on May 29, 2003, JNB, through a Virginia insurance broker that is not a party to this action, obtained insurance for the JNB^O under an existing fleet policy issued to JNB by plaintiff One Beacon Insurance Company (“One Beacon”). The fleet policy was effective from August 2, 2002, to August 2, 2003. According to One Beacon, insurance for the JNB-40 was provided subject to: (1) no release of liability to the tow company, (2) a copy of the tow company’s certificate of insurance, (3) a condition and value survey within thirty days, and (4) the existing fleet policy terms and conditions.
 
 *DCCCLXIX
 
 (Amended Compl. ¶ 15.) The policy also provided insurance for one trip and tow from Amelia, Louisiana, to Norfolk, Virginia. (Third-Party Compl. ¶ 13.)
 

 On June 4, 2003, JNB entered into a standard towage agreement with third-party defendant Dawn Services, LLC (“Dawn”), pursuant to which Dawn agreed to furnish a tug and tow of the JNB-40 from Bollinger Shipyard in Amelia, Louisiana, to Norfolk, Virginia. Included in that agreement was a forum-selection clause stating that “the venue for resolving any dispute shall be the U.S. district [sic] Court for the Eastern District of Louisiana.” (Decl. of Ray C. Fournier, at Ex. A.) Also on June 4, 2003, Dawn subcontracted the work under its agreement with JNB to third-party defendant Global International Marine, Inc. (“Global”). The agreement between Dawn and Global also contained a forum-selection clause specifying the Eastern District of Louisiana as the forum for resolving any disputes between the parties to that contract. Global began the tow on June 4, 2003. When the JNB-40 arrived in Norfolk ten days later, it was badly damaged. Through its attorneys, JNB subsequently made a claim on the One Beacon insurance policy.
 

 On October 8, 2003, One Beacon, a Massachusetts company with its principal place of business in Boston, filed a complaint in this federal court in the Eastern District of Virginia, seeking a declaratory judgment that it was not liable under the insurance policy. Among other claims, One Beacon alleged that JNB failed to disclose the deteriorated condition of the JNB-40’s hull at the time it entered into the insurance contract. Jurisdiction over the declaratory judgment is based on admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1). On October 17, 2003, One Beacon filed an amended complaint.
 

 On November 12, 2003, JNB, a Virginia company with its principal place of business in Chesapeake, Virginia, filed an answer to the amended complaint, and also filed counterclaims against One Beacon for breach of the insurance contract and for failure to act in good faith, under Virginia Code § 38.2-209. On November 24, 2003, One Beacon replied to the counterclaims.
 

 On November 25, 2003, One Beacon filed a third-party complaint against Dawn and Global, setting forth contract and negligence causes of action. Pursuant to Federal Rules of Civil Procedure 14(b) and (c), One Beacon brought the third-party complaint as a subrogee of JNB, in the event that One Beacon is found liable for breach of the insurance policy. On January 14, 2004, Dawn and Global filed motions to dismiss the third-party complaint for improper venue or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Louisiana, with memoranda and attachments in support of those motions. On January 23, 2004, the court granted a joint motion by One Beacon and JNB to extend the time in which to respond to the third-parties’ motions.
 

 On January 30, 2004, JNB filed a cross-claim against Global, seeking damages for negligence. On February 9, 2004, One Beacon filed memoranda in response to the third-parties’ motions. On February 12, 2004, Global filed a reply brief to One Beacon’s memorandum in opposition to its motions, and on February 13, 2004, Dawn filed its reply brief.
 

 On February 18, 2004, Global filed a motion to transfer JNB’s cross-claim or, in the alternative, to transfer the entire civil action to the Eastern District of Louisiana. On March 3, 2004, JNB filed a memorandum in opposition to Global’s motion. The time for Global to file a reply has passed. The motions to transfer venue and to dismiss are ripe for review.
 

 
 *DCCCLXX
 

 II. Analysis
 

 A.
 
 Motions to Transfer
 

 Section 1404(a) provides that “[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.” 28 U.S.C.A. § 1404(a) (1993). The decision whether to transfer an action under the statute is committed to the sound discretion of the district court.
 
 Verosol B.V. v. Hunter Douglas, Inc.,
 
 806 F.Supp. 582, 591 (E.D.Va.1992).
 

 In exercising that discretion and determining whether to grant a motion pursuant to § 1404(a), a court must consider and balance a number of factors, including (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court’s familiarity with the applicable law; and (7) the interest of justice.
 

 BHP Int’l Inv., Inc. v. OnLine Exch., Inc.,
 
 105 F.Supp.2d 493, 498 (E.D.Va.2000)
 
 (citing Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,
 
 83 F.Supp.2d 689, 696 (E.D.Va.2000)). The burden is on the movant to show that a transfer is proper.
 
 Id.
 
 Under § 1404(a), the court has authority only to transfer the entire civil action, not individual claims.
 
 See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.,
 
 928 F.2d 1509, 1518 (10th Cir.1991) (“Section 1404(a) only authorizes the transfer of an entire action, not individual claims.”). Therefore, in a case involving third-party claims, the court in exercising its discretion under § 1404(a) should consider the
 
 BHP
 
 factors as they pertain to the entire civil action.
 
 [1]
 

 1. Third-Party Standing
 

 As an initial matter, the court may transfer venue pursuant to 28 U.S.C. § 1404(a) on the third-party defendants’ motion.
 
 See, e.g., Daily Express, Inc. v. N. Neck Transfer Corp.,
 
 483 F.Supp. 916, 917-18 (M.D.Pa.1979) (holding that third-party defendant has standing to move for § 1404(a) transfer). Citing
 
 R.E. Linder Steel Erection Co. v. Alumisteel Sys., Inc.,
 
 88 F.R.D. 629, 633 (1980), and other cases and authorities, One Beacon and JNB argue that third-party defendants’ motions to transfer are improper because third-party defendants have no standing to challenge venue under the “doctrine of ancillary venue.” One Beacon and JNB, however, misconstrue many of the cases they cite and misunderstand the doctrine of ancillary venue. The doctrine of ancillary venue simply posits that if venue is proper for the original action, an independent basis of venue for third-party claims is not required.
 
 See R.E. Linder,
 
 88 F.R.D. at 633; 6 Charles Alan Wright, Arthur R. Miller,
 
 &
 
 Mary Kay Kane,
 
 Federal Practice and Procedure,
 
 § 1445, at 348 (2d. ed. 1990) (“[T]he statutory venue limitations have no application to Rule 14 claims even if they would require the third-party action to be heard in another district had it been brought as an independent action.”) While it is true, under the doctrine of ancillary venue, that third-party defen
 
 *DCCCLXXI
 
 dants have no standing to raise a defense that venue is improper,
 
 see, e.g., R.E. Linder,
 
 88 F.R.D. at 633, any party, and even the court
 
 sua sponte,
 
 can move for transfer of an action under 28 U.S.C. § 1404(a), because a motion for transfer is not a defense that venue is improper.
 
 [2]
 
 In other words, though the availability of impleader under Rule 14 is not limited by statutory venue requirements, the court’s ability to transfer cases under the discretionary standard of § 1404(a) is not limited by the presence of a third-party claim. Any party-in-interest, including the original plaintiff, the defendant, and any third-party defendant, has standing to ask the court to exercise its discretion to transfer under § 1404(a).
 
 [3]
 

 2. Venue in the Eastern District of Louisiana
 

 The court has no discretion under § 1404(a) to transfer an action unless the transferee court would have been a proper forum for that action originally. 28 U.S.C. § 1404(a). Therefore, the court next must determine whether One Beacon’s declaratory judgment action could have been brought in the Eastern District of Louisiana originally. Under 28 U.S.C. § 1391(b),
 
 [4]
 
 in non-diversity cases, venue is proper in any district where any defendant resides, if all defendants reside in the same state. For venue purposes, “a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.” 28 U.S.C.A. § 1391(c) (1993). Because of the doctrine of ancillary venue, the only relevant issue is whether the declaratory judgment action could have been brought in the District Court for the Eastern District of Louisiana.
 
 R.E. Linder Co.,
 
 88 F.R.D. at 633. JNB is the only defendant to the declaratory judgment action; thus, venue is proper under § 1391(b) in the Eastern District of Louisiana if JNB would have been subject to personal jurisdiction there at the time the declaratory judgment action was commenced.
 

 In maritime and admiralty cases in Louisiana, “a federal court may exercise personal jurisdiction over a foreign defendant if Louisiana could have acquired personal jurisdiction over the defendant on the same cause of action and the exercise of jurisdiction comports with the Due Process Clause.”
 
 Nuovo Pignone SpA v. Storman Asia M/V,
 
 310 F.3d 374, 378 (5th Cir.2002). However, “[tjhese two inquiries merge into one, because the Louisiana long-arm statute permits jurisdiction cot-erminus with the scope of the Due Process Clause.”
 
 Id. {citing
 
 La. R.S. 13:3201(B)). Therefore, the only issue is whether, in a declaratory judgment action concerning the insurance policy covering the JNB-40, an assertion of personal jurisdiction over
 
 *DCCCLXXII
 
 JNB by a Louisiana court would violate the Due Process Clause of the Fourteenth Amendment.
 

 International Shoe Co. v. Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and subsequent cases have developed a two-prong test for evaluating the constitutionality of exercising personal jurisdiction over a corporate defendant who is not a resident of the forum state for purposes of personal jurisdiction. First, the defendant must have sufficient “minimum contacts” with the forum.
 
 International Shoe,
 
 326 U.S. at 316, 66 S.Ct. 154. Second, maintenance of the suit against the defendant must not offend “traditional notions of fair play and substantial justice.”
 
 Id.
 
 Under the “minimum contacts” test, a defendant may be subject to either specific jurisdiction or general jurisdiction. The court can exercise specific jurisdiction over the defendant where the cause of action “arises out of’ or “relates to” defendant’s contacts with the forum state.
 
 Burger King Corp. v. Rudzewicz,
 
 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
 

 In this case, sufficient contacts exist for the exercise of specific personal jurisdiction over JNB by a Louisiana court, and the exercise of such jurisdiction would not have violated traditional notions of fair play and substantial justice. One Beacon’s original declaratory judgment action involved the construction of a contract to insure a barge located in the Eastern District of Louisiana. JNB purchased the JNB^40 in Louisiana, and insured it there on May 29, 2003, the day that the insurance contract took effect. For the following six days, the JNB^iO was docked in the Louisiana and covered by the One Beacon insurance policy. JNB purposely availed itself of the privilege of conducting business in Louisiana and the declaratory judgment action relates to those contacts. The exercise of personal jurisdiction over JNB would not have violated the Due Process Clause. Therefore, the Eastern District of Louisiana would have been a proper venue for the filing of One Beacon’s declaratory judgment action.
 

 3. Application of the
 
 BHP
 
 Factors
 

 Thus, given that venue over the original action would have been proper in the Eastern District of Louisiana, the court can proceed to evaluate the motions to transfer under the seven-factor test set forth in
 
 BHP.
 
 Because the court is considering transfer of the entire civil action, it considers each factor in light of all the claims between all parties to the civil action.
 
 [5]
 

 The first factor, ease of access to sources of proof, favors denying the motions to transfer. The condition of the JNB-40 will be at issue in both the first-party and the third-party action, and it is located in the Eastern District of Virginia. Moreover, JNB’s headquarters are located in the Eastern District of Virginia, so it is likely that some of the contracts and other documents relevant to all claims will be located in this district as well. On the other hand, the home port of Global’s tug is in the Eastern District of Louisiana, as is the headquarters of both third-party defendants. ' Thus, many of the relevant sources of proof are located in the Eastern District of Louisiana.
 

 The second
 
 BHP
 
 factor, however, the convenience of the parties and the witnesses, favors transfer to the Eastern District of Louisiana. One Beacon’s principal place of business is in Massachusetts, so neither forum will be particularly convenient for it. Of the remaining three parties in interest, two are headquartered in the Eastern District of Louisiana and one is headquartered in this district. Wit
 
 *DCCCLXXIII
 
 nesses are likely to be called from both districts and elsewhere. However, it seems likely that, on the whole, more fact witnesses
 
 [6]
 
 will come from the Eastern District of Louisiana because that is where the barge was docked prior to the relevant period of time and where the tug crew is located, while more expert witnesses will be located in the Eastern District of Virginia, as that is where the damaged barge is currently located. As between a fact witness and an expert witness, it is less inconvenient for an expert to travel in order to testify, because an expert can be well-compensated for her or his time, while a fact witness can receive only $40 per day plus travel and subsistence costs under 28 U.S.C. § 1821.
 

 The third, fourth, and fifth factors are essentially neutral. Whether the action is venued in the Eastern District of Louisiana or in the Eastern District of Virginia, some witnesses will have to travel and the cost of their accommodations during trial will be borne by the parties. Compulsory process is available in both courts. Overall, this civil action is not “local” to either district. It comprises an insurance coverage dispute and contract and negligence claims arising from actions at sea. The sixth factor, the court’s familiarity with the applicable law, is only relevant in diversity cases. Thus, it has no bearing on this case, which sounds in maritime and admiralty law.
 

 The seventh
 
 BHP
 
 factor, the interests of justice,
 
 strongly favors transfer
 
 to the Eastern District of Louisiana, because of the existence of the forum selection clauses. Federal courts sitting in admiralty generally should enforce forum-selection clauses absent a showing that to do so would be unreasonable and unjust, that the clause was invalid for such reasons as fraud or overreaching, or that enforcement would contravene a strong public policy of the forum state.
 
 BHP,
 
 105 F.Supp.2d at 499. Though such clauses are not dispositive of the question of whether to grant a motion to transfer under 28 U.S.C. § 1404(a), the presence of a forum selection clause “will be a significant factor that figures centrally in the district court’s calculus.”
 
 Stewart Org., Inc. v. Ricoh Corp.,
 
 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).
 
 [7]
 

 In this case, there is no forum-selection agreement between the parties to the complaint, One Beacon and JNB. Nor is there a forum-selection agreement between the parties to the cross-claim, JNB and Global. However, a valid forum selection clause
 
 [8]
 
 does exist between One
 
 *DCCCLXXIV
 
 Beacon, as JNB’s subrogee, and Dawn.
 
 [9]
 
 Further, the forum-selection agreement between JNB and Dawn evidences that JNB anticipated that any claim for damage arising from the tow of the JNB-40 from Louisiana to Virginia would be adjudicated in the United States District Court for the Eastern District of Louisiana. And finally, any cross-claim between Dawn and Global would be brought subject to a forum-selection agreement specifying the Eastern District of Louisiana as the proper forum. There are no forum selection clauses specifying the Eastern District of Virginia as a contractually agreed-upon forum.
 

 Overall, the existing forum-selection agreements heavily favor transfer of this entire matter to the United States District Court for the Eastern District of Louisiana. Though the original declaratory judgment action did not involve parties to a forum selection agreement, that action, and the related counterclaims, will be secondary to the third-party action at trial. JNB acknowledges as much in its opposition to the motions to transfer:
 

 The central issue in this case is: what happened during the tow from Louisiana to Norfolk. This necessarily revolves around Global’s actions in conducting the tow.... [T]he issue of Global’s negligence will be central to One Beacon’s request for declaratory judgment and JNB’s Counterclaim for breach under the maritime contract for insurance.
 

 (JNB’s Br. in Opp. to Dawn’s and Global’s Mot. to Transfer, at 7.) Thus, even though it only pertains to the third-party claims, the existence of the JNB-Dawn forum-selection agreement should be given substantial weight in this case.
 
 [10]
 
 Further, though it does not factor heavily in the court’s decision, the existence of the Dawn-Global forum selection clause also weighs in favor of transfer. Though Dawn has not yet filed a claim against Global, such a claim is not unlikely given that Dawn did not participate in the tow and therefore may be entitled to full indemnity from Global if the third-party negligence claim against Dawn is successful.
 

 B.
 
 Motions to Dismiss
 

 Citing
 
 Carnival Cruise Lines v. Shute,
 
 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), the third-party defendants argue that, if this court finds the forum selection clause between JNB and Dawn to be enforceable, then the court must dismiss any claims coming within the purview of that agreement. However, this court has already addressed the appropriate procedural vehicle for the enforcement of forum selection clauses and has determined that transfer pursuant to 28 U.S.C. § 1404(a), rather than dismissal for improper venue pursuant to Federal Rule of
 
 *DCCCLXXV
 
 Civil Procedure 12(b)(3), is warranted, as long as venue in both fora is proper under the federal venue statutes.
 
 BHP,
 
 105 F.Supp.2d at 495-497.
 
 [11]
 
 Dawn and Global do not argue that the Eastern District of Virginia is an improper venue. Moreover, third-party defendants have no standing to raise a venue defense under Rule 12(b)(3).
 
 E.g., R.E. Linder,
 
 88 F.R.D. at 633. Accordingly, third-party defendants’ motions to dismiss for improper venue are DENIED.
 

 III. Conclusion
 

 For the reasons set forth above, the court finds that transfer of this entire action to the Eastern District of Louisiana is appropriate for the convenience of the parties and witnesses and in the interest of justice. Accordingly, the court TRANSFERS this civil action to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1404(a), for all further proceedings. The motions to dismiss for improper venue are DENIED. The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to counsel for all parties, and to forward the entire case file to the Clerk of the Eastern District of Louisiana.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Because § 1404(a) only allows transfer of entire actions, in appropriate cases, the court may sever some claims, transfer the severed claims, and stay the remaining claims pending the outcome of the transferred action.
 
 See Corry v. CFM Majestic Inc., 16
 
 F.Supp.2d 660 (E.D.Va.1998). However, "severance and transfer is a wholly unappealing alternative [where a defendant] is centrally involved in the litigation."
 
 United States v. Douglas,
 
 626 F.Supp. 621, 625 (E.D.Va.1985). In this case, severance would be inappropriate because the issue of Global’s negligence is central to the amended complaint, counterclaims, third-party claims, and cross-claim.
 

 [2]
 

 . In fact, a § 1404(a) motion presupposes that venue in the original forum is proper.
 

 [3]
 

 .
 
 But see Gundle Lining Constr. Co. v. Adams County Asphalt, Inc.,
 
 85 F.3d 201, 209-10 (5th Cir.1996) (holding that district court did not abuse its discretion in denying third-party defendant’s motion to transfer and suggesting that third-party defendant has no standing to bring such a motion).
 

 [4]
 

 . Title 28 U.S.C. § 1391(b) provides that
 

 [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
 

 28 U.S.C.A. § 1391(b) (West Supp.2003).
 

 [5]
 

 .
 
 See supra
 
 at 827-28.
 

 [6]
 

 . The tug crew and dock workers are presumably in Louisiana, for example, as that is where the tug's home port is located. These individuals would be aware of the condition of the JNB-40 when it left Louisiana for Virginia.
 

 [7]
 

 . In its "Brief in Opposition” to third-party defendants' motions, JNB cites
 
 Plum Tree v. Stockment,
 
 488 F.2d 754, 758 (3d Cir.1973), for the proposition that a forum selection clause "only” bears on the second
 
 BHP
 
 factor, convenience of the parties. This court has never espoused that view,
 
 see BHP,
 
 105 F.Supp.2d at 499 (analyzing import of valid forum selection clause under the "interest of justice” prong), which seems unnecessarily narrow given the court’s broad discretionary authority under § 1404(a).
 

 [8]
 

 .JNB argues that the forum selection clause in the JNB-Dawn towage contract is unenforceable because Dawn fraudulently induced JNB to sign the towage contract by falsely representing that Dawn would be performing the tow, even though Dawn had already agreed to subcontract the work to Global. Even if these allegations are true, however, fraud in the inducement to the entire towage agreement would not make the forum-selection clause unenforceable. "[U]nless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause
 
 to agree to inclusion of that clause
 
 in the contract, a general claim of fraud ... as to the entire contract does not affect the validity of the forum selection clause.”
 
 Moses
 
 v.
 
 Bus. Card Express, Inc.,
 
 
 *DCCCLXXIV
 
 929 F.2d 1131, 1138 (6th Cir.1991)
 
 (citing Scherk v. Alberto-Culver Co.,
 
 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)) (emphasis in original).
 

 [9]
 

 . As JNB's subrogee on the contract claims against Global, One Beacon is bound by JNB’s contractual agreement to litigate disputes against Global arising from the towage contract in the Eastern District of Louisiana.
 
 See, e.g., Allianz Ins. Co. v. Cho Yang Shipping Co.,
 
 131 F.Supp.2d 787, 792 (E.D.Va.2000).
 

 [10]
 

 . In opposition to transfer, One Beacon and JNB both argue that the weight this court must give to plaintiff's choice of forum is so substantial that it essentially prohibits transfer of this matter. While plaintiff’s choice of forum is normally a significant factor weighing against transfer, where the § 1404(a) motion is based largely on the existence of a valid forum-selection clause, plaintiff's choice of forum is given considerably less deference.
 
 See, e.g., BHP,
 
 105 F.Supp.2d at 499-500. Moreover, for purposes of the third-party claims, plaintiff here as insurer is merely a subrogee of JNB, which entered into the contract with Dawn, which contract contained a valid forum selection clause. Therefore, One Beacon must "stand in the shoes" of JNB.
 

 [11]
 

 .
 
 See supra %
 
 II.A.